PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District **Massachusetts** - |
|---|---|
| Name (under which you were convicted): **Nancy J. Netto** | Docket or Case No.: |
| Place of Confinement: **MCI - Framingham** | Prisoner No.: **F36398** |
| Petitioner (include the name under which you were convicted) **Nancy J. Netto** | Respondent (authorized person having custody of petitioner) v. **Lynn Bissonnette, Superintendent** |
| The Attorney General of the State of **Massachusetts** | |

**05      10695 RGS**

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: ____
   **Bristol Superior Court, Taunton, Massachusetts**
   _____

   (b) Criminal docket or case number (if you know): **33618-33619**
2. (a) Date of the judgment of conviction (if you know): **March 19, 1996**
   (b) Date of sentencing: **March 19, 1996**
3. Length of sentence:   **murder - natural life; armed robbery - 9 to 10 yrs. concurrent**
4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒  No ☐
5. Identify all crimes of which you were convicted and sentenced in this case: _____
   **first-degree murder (G.L. c. 278, § 1); armed robbery (G.L. c. 265, § 17)**
   _____
   _____
   _____

6. (a) What was your plea? (Check one)

   (1)    Not guilty ☒        (3)    Nolo contendere (no contest) ☐
   (2)    Guilty ☐            (4)    Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
   charge, what did you plead guilty to and what did you plead not guilty to? _____
   _____
   _____
   _____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒   No ☐

9. If you did appeal, answer the following:

(a) Name of court: **Supreme Judicial Court**

(b) Docket or case number (if you know): **SJC-07852**

(c) Result: **murder conviction affirmed; armed robbery conviction vacated**

(d) Date of result (if you know): **February 14, 2003**

(e) Citation to the case (if you know): **438 Mass. 686, 783 N.E.2d 439 (2003)**

(f) Grounds raised: **see attachment**

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     Yes ☐   No ☐   **Not Applicable**

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐   No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Bristol Superior Court**

(2) Docket or case number (if you know): **33618-33619**

(3) Date of filing (if you know): **March 22, 1996**

(4) Nature of the proceeding: **motion under Mass. R. Crim. P. 25(b)(2) and 30(b)**

(5) Grounds raised: **sufficiency of the evidence (issue argued at**

**non-evidentiary hearing held on May 1, 1996)**

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐   No ☒

(7) Result: **motion denied**

(8) Date of result (if you know): **May 3, 1996**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **Bristol Superior Court**

(2) Docket or case number (if you know): **33618-33619**

(3) Date of filing (if you know): **April 13, 2004**

(4) Nature of the proceeding: **motion under Mass. R. Crim. P. 30(b)**

(5) Grounds raised: **see attachment**

_____

_____

_____

_____

\_\_\_ _____

\_\_ _____

\_\_ _____

\_\_ _____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐   No ☒

(7) Result:  **motion denied**

(8) Date of result (if you know):  **August 11, 2004**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

\_\_ _____

\_\_ _____

\_\_ _____

\_\_ _____

\_\_ _____

\_\_ _____

\_\_ _____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?        Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your

petition, application, or motion?

(1) First petition:        Yes ☐   No ☒

(2) Second petition:      Yes ☒   No ☐

(3) Third petition:        Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

**The denial of the first petition was not appealed, but the substantive issue**

**raised by the first petition (sufficiency of the evidence) was presented to the**

**Supreme Judicial Court on the Petitioner's direct appeal.**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: **The Petitioner was convicted of first-degree murder and armed robbery upon insufficient evidence under the (CONTINUED ON ATTACHMENT)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **There was no direct evidence introduced at trial placing the Petitioner in the apartment building at the time of the murder. Although the Petitioner's fingerprint was found on the bathroom door handle of the victim's apartment, the evidence established that the Petitioner had been in the victim's apartment on numerous occasions. There was evidence that the Petitioner was last seen in the victim's apartment approximately a week prior to the crime and that after that visit the Petitioner was no longer welcome (CONTINUED ON ATTACHMENT)**

(b) If you did not exhaust your state remedies on Ground One, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☒    No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____
   _____
   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒    No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: **motion to set aside verdicts and for new trial**

   Name and location of the court where the motion or petition was filed: **Bristol Superior Court, Taunton, Massachusetts**

Docket or case number (if you know): **33618-33619** _____

Date of the court's decision: **May 3, 1996** _____

Result (attach a copy of the court's opinion or order, if available): **motion denied** _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☒   No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐   No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: **This issue was presented to the Supreme Judicial Court on the**
**Petitioner's direct appeal.** _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

GROUND TWO: **The Petitioner was denied the effective assistance of counsel and**
**the due process of law guaranteed by the Sixth  (CONTINUED ON ATTACHMENT)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
**Counsel did not consult with the Petitioner regarding whether to ask the trial**
**judge to instruct the jury on lesser included offenses.  Counsel did not give the**
**Petitioner the opportunity to make this important decision.  Counsel made the**
**decision for the Petitioner.**

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐   **See Attachment**

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **See Attachment**

    _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☒   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **motion for new trial**

    Name and location of the court where the motion or petition was filed: **Bristol Superior Court, Taunton, Massachusetts**

    Docket or case number (if you know): **33618-33619**

    Date of the court's decision: **August 11, 2004**

    Result (attach a copy of the court's opinion or order, if available): **motion for new trial denied**

    _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒   No ☐

    (5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?

        Yes ☒   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **Supreme Judicial Court (Clerk for Suffolk County), Boston, Massachusetts**

Docket or case number (if you know): **SJ-2004-0374**

Date of the court's decision: **March 18, 2005**

Result (attach a copy of the court's opinion or order, if available): **petition pursuant to G.L. c. 278, § 33E denied**

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

GROUND THREE: **The Commonwealth violated the Petitioner's rights to a fair trial and to the due process of law guaranteed by  (CONTINUED ON ATTACHMENT)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **The Commonwealth's fingerprint expert told the jury that the fingerprint of the Petitioner found in the victim's apartment was "fairly fresh" and the oldest it could have been was  probably four days old.  This evidence was used to place the Petitioner at the scene of the crime at the time of the crime.  The Petitioner submitted an affidavit from a nationally recognized fingerprint expert in support of her motion for new trial stating that the  (CONTINUED ON ATTACHMENT)**

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **Petitioner believes the appellate record was inadequate to properly present this issue on direct appeal.**

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

state trial court?        Yes ☒    No ☐

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: **motion for new trial**

Name and location of the court where the motion or petition was filed: **Bristol Superior**

**Court, Taunton, Massachusetts**

Docket or case number (if you know): **33618-33619**

Date of the court's decision: **August 11, 2004**

Result (attach a copy of the court's opinion or order, if available): **motion for new trial**

**denied**

(3) Did you receive a hearing on your motion or petition?

   Yes ☐    No ☒

(4) Did you appeal from the denial of your motion or petition?

   Yes ☒    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☒    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Supreme Judicial Court (Clerk**

**for Suffolk County), Boston, Massachusetts**

Docket or case number (if you know): **SJ-2004-0374**

Date of the court's decision: **March 18, 2005**

Result (attach a copy of the court's opinion or order, if available): **petition pursuant to G.L.**

**c. 278, § 33E denied**

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this

issue: _____

_____

_____

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND FOUR: **To the extent the Petitioner's counsel did not do anything to challenge the Commonwealth's (CONTINUED ON ATTACHMENT)**

(a) Supporting facts (Do not argue or cite law, Just state the specific facts that support your claim.): **The Commonwealth's fingerprint expert told the jury that the fingerprint of the Petitioner found in the victim's apartment was "fairly fresh" and the oldest it could have been was probably four days old. This evidence was used to place the Petitioner at the scene of the crime at the time of the crime. The Petitioner's counsel did not retain a fingerprint expert to assist him in the preparation and presentation of the Petitioner's case. See supporting facts for GROUND THREE.**

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **Petitioner believes the appellate record was inadequate to properly (CONTINUED ON ATTACHMENT)**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?         Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **motion for new trial**

Name and location of the court where the motion or petition was filed: **Bristol Superior Court, Taunton, Massachusetts**

Docket or case number (if you know): **33618-33619**

Date of the court's decision: **August 11, 2004**

Result (attach a copy of the court's opinion or order, if available): **motion for new trial denied**

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Supreme Judicial Court (Clerk for Suffolk County), Boston, Massachusetts**

Docket or case number (if you know): **SJ-2004-0374**

Date of the court's decision: **March 18, 2005**

Result (attach a copy of the court's opinion or order, if available): **petition pursuant to G.L. c. 278, § 33E denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ☒    No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: **Edward E. Whittemore, 901 Venetia Bay Boulevard, Suite 253, Venice, Florida 34292 (formerly of Barnstable, Massachusetts)**

(c) At trial: **J. Drew Segadelli, 536 Main Street, Falmouth, Massachusetts 02540**

_____

(d) At sentencing: **J. Drew Segadelli, 536 Main Street, Falmouth, Massachusetts 02540**

(e) On appeal: **Steven J. Rappaport, 228 Central Street, Lowell, Massachusetts 01852**

(f) In any post-conviction proceeding: **see (c) and (d) above; Stephen Paul Maidman, 1145 Main Street, Suite 417, Springfield, Massachusetts 01103**

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
**Stephen Paul Maidman, 1145 Main Street, Suite 417, Springfield, Massachusetts 01103**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ❑  No ❑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*  **The Supreme Judicial Court issued its decision on the Petitioner's direct appeal of her convictions on February 14, 2003. The one-year limitations period began on May 15, 2003 which marks the end of the 90-day period for filing a petition for writ of certiorari from the United States Supreme Court. The Petitioner properly filed her motion for new trial in the Bristol County Superior Court 334 days later on April 13, 2004. The motion for new trial was denied on August 11, 2004. On September 8, 2004, the Petitioner timely filed a petition for leave to appeal the denial of her motion for new trial in the Supreme Judicial Court. The one-year limitations period was tolled until the final disposition of the Petitioner's petition for leave to appeal the denial of her motion for new trial by the Single Justice of the Supreme Judicial Court on March 18, 2005. The Petitioner has 31 days from March 18, 2005 to file this petition for a writ of habeas corpus. Hence the statute of limitations under 28 U.S.C. § 2244 (d) does not bar this petition.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, The limitation period shall run from the latest of —

(continued ... )

Therefore, petitioner asks that the Court grant the following relief: **Grant Petitioner a writ of habeas corpus and immediately discharge her from the custody of Respondent**

or any other relief to which petitioner may be entitled.

_Stephen Paul Maidman_

Signature of Attorney (if any)

**Stephen Paul Maidman, Esquire**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

_____**not applicable**_____ (month, date, year).  **Petition to be mailed to Attorney Maidman for filing with the United States District Court**

Executed (signed) on _April 4, 2005_ (date).

_Nancy J. Netto_

Signature of Petitioner

**Nancy J. Netto**

---

\*( ... continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____ _____

_____ _____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

05 10695

ATTACHMENT

Nancy J. Netto
Petition Under 28 U.S.C. § 2254
for Writ of Habeas Corpus by A Person in State Custody


Question 9(f)
Grounds Raised on Petitioner's Direct Appeal

1.  Whether the trial court erred in failing to allow the defendant's motion for a required finding of not guilty to the charges of murder and armed robbery at the close of the Commonwealth's case where the evidence adduced at trial failed to establish that the defendant was a joint venturer in the killing of the victim.

2.  Whether, pursuant to G.L. c. 278, § 33E, this Court should find a substantial likelihood that a miscarriage of justice occurred where the trial court failed to instruct the jury as to lesser included offenses within the charge of armed robbery which were warranted by the evidence.

3.  Whether the trial judge imposed an illegal sentence for armed robbery upon the defendant where the only theory upon which the defendant was convicted of murder was the theory of felony-murder.

The above three grounds were listed in the section entitled "Issues Presented" in the brief the Petitioner submitted on her direct appeal to the Massachusetts Supreme Judicial Court.  In addition, in her memorandum of decision on the petition for leave to appeal the denial of the Petitioner's second motion for new trial, the Single Justice of the Massachusetts Supreme Judicial Court indicated that the Petitioner also raised on her direct appeal the issue of whether her trial counsel should have consulted with the Petitioner about the decision not to ask for lesser included offense instructions.

2

Question 11(b)(5)
Grounds Raised on Petitioner's
Second Motion for New Trial
Pursuant to Mass. R. Crim. P. 30(b)

As facts and grounds for this motion, the Defendant states that she has been denied the effective assistance of counsel and the due process of law guaranteed by the Sixth Amendment and the Fourteenth Amendments to the United States Constitution and by Article 1, Article 10, and Article 12 of the Massachusetts Declaration of Rights and by c. 1, § 1, art. 4 of the second part of the state constitution.

More specifically, with respect to her federal and state claims of ineffective assistance of counsel, the Defendant avers as follows:

1.  Since the decision whether to forgo a lesser included offense instruction is an important decision in a criminal case which is the functional equivalent of a fundamental decision and this decision could only be made by the Defendant after consultation with Counsel, the Defendant received ineffective assistance of counsel under Strickland v. Washington because her Counsel did not permit her to make the decision or even consult with her about the decision whether to undertake an all-or-nothing defense and to forgo lesser included offense instructions.

2.  Since the decision whether to forgo a lesser included offense instruction is an important decision in a criminal case, the Defendant received ineffective assistance of counsel under Strickland v. Washington because her Counsel did not even consult with her about the decision he made to undertake an all-or-nothing defense and to forgo lesser included offense instructions.

3.  The Defendant must be granted a new trial because minimum state constitutional standards of attorney performance required Counsel to at least consult with the

> Defendant regarding the decision he made
> to undertake an all-or-nothing defense
> and to forgo lesser included offense
> instructions.

As further facts and grounds for this motion, the
Defendant states that the Commonwealth's presentation of
"fresh fingerprint" testimony resulted in a substantial
risk of a miscarriage of justice because it was based on
outrageously flawed forensic evidence.  This error also
deprived the Defendant of her rights to a fair trial and to
the due process of law guaranteed by the Sixth and the
Fourteenth Amendments to the federal constitution and by
Article 1, Article 10, and Article 12 of the Massachusetts
Declaration of Rights and by c. 1, § 1, art. 4 of the
second part of the state constitution.   To the extent the
Defendant's Counsel did not do anything to challenge the
"fresh fingerprint" testimony as being premised on flawed
forensics, the Defendant was denied the effective
assistance of counsel guaranteed by the Sixth and
Fourteenth Amendments to the federal constitution and by
Article  12 of the Massachusetts Declaration of Rights.


Question 12
Grounds for Relief


GROUND ONE (continued):

standard of the United States Supreme Court stated in
Jackson v. Virginia, 443 U.S. 307, 318-319 (1979) because
the evidence adduced at trial failed to establish that the
Petitioner was a joint venturer in the killing.


(a) continued:

there.  The Commonwealth's fingerprint expert testified
that the fingerprint appeared to be "fairly fresh".
However, he could not specifically say how long the
Petitioner's fingerprint had been on the door handle.

There was no direct evidence that the Petitioner acted as
an accessory before the crime, aided in the commission of

the crime, or had knowledge that her co-defendant intended
to commit the crime of armed robbery.

There was no direct evidence that the Petitioner knew that
her co-defendant had armed himself with a knife as a means
of committing a robbery.  The evidence established that the
knife used to kill the victim came from a set of knives
found inside a drawer within the victim's apartment.


GROUND TWO (continued):

Amendment and the Fourteenth Amendment to the United States
Constitution because:

   A.   The decision whether to forgo a lesser included
        offense instruction is an important decision in a
        criminal case which is the functional equivalent of a
        fundamental decision that could only be made by the
        Petitioner after consultation with counsel.  The
        Petitioner received ineffective assistance of counsel
        under Strickland v. Washington, 466 U.S. 668 (1984)
        because her counsel did not permit her to make the
        decision or even consult with her about the decision
        whether to undertake an all-or-nothing defense and to
        forgo lesser included offense instructions.

   B.   The decision whether to forgo a lesser included
        offense instruction is an important decision in a
        criminal case.  The Petitioner received ineffective
        assistance of counsel under Strickland v. Washington,
        466 U.S. 668 (1984) because her counsel did not even
        consult with her about the decision he made to
        undertake an all-or-nothing defense and to forgo
        lesser included offense instructions.


(c)(1) and (c)(2) (continued):

Ground Two was raised by the Petitioner at least in part on
the Petitioner's direct appeal.  See response to Question
9(f) above.  The Petitioner believes the appellate record
was inadequate to properly present the issues raised in
Ground Two on direct appeal.

*GROUND THREE (continued):*

the Sixth Amendment and the Fourteenth Amendment to the United States Constitution because the Government used outrageously flawed fingerprint evidence to obtain its conviction in the Petitioner's case.


*(a) (continued):*

Commonwealth expert's testimony regarding the "freshness of the Petitioner's fingerprint expresses an opinion that is not shared by other fingerprint experts and is contrary to empirical experience and testing; that wide variations exist in the ability of a latent print to survive even under harsh conditions and, as a result, development of a latent fingerprint at a crime scene is no guarantee of its having been recently placed; and that the estimation of the age of a latent print is fraught with danger and may result in a wrongful conviction.


*GROUND FOUR (continued):*

fresh fingerprint testimony as being premised on flawed forensics, the Petitioner was denied the effective assistance of counsel under the Sixth Amendment and the Fourteenth Amendment to the United States Constitution.


*(c)(2)(continued):*

present this issue on direct appeal.

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

**FILED**

MAR 22,

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

SUPERIOR COURT DEPARTMENT
NOS. 33618 - 33619

COMMONWEALTH

vs.

NANCY NETTO

## DEFENDANT'S MOTION PURSUANT TO MASSACHUSETTS RULES OF CRIMINAL PROCEDURE 25(b)(2) and 30(b)

**NOW COMES** the Defendant, **NANCY NETTO**, and moves, pursuant to Mass. Rules of Criminal Procedure 25(b)(2) and 30(b) that this Honorable Court set aside the verdict and enter a finding of not guilty, or in the alternative, to order a new trial, or to enter a finding on any lesser included offense to the offenses charged.

The Defendant respectfully submits a Memorandum of Law in Support.

Respectfully submitted,

NANCY NETTO
BY HER ATTORNEY,

J. DREW SEGADELLI, ESQ.
FAGAN & GOLDRICK, P.C.
536 MAIN STREET
FALMOUTH, MA 02540
(508) 540-6900
BBO# 548168

Dated: March 20, 1996

*5-3-96 Motion denied after hearing.*
*(Neb, J)*
*per*

FAGAN & GOLDRICK, P.C.
ATTORNEYS AT LAW
536 MAIN STREET
FALMOUTH, MA 02540
(508) 540-6900

Commonwealth of Massachusetts
Superior Court

Bristol, ss.                                                    Ind. 33618 & 33619

BRISTOL, SS SUPERIOR COURT
FILED

AUG 1 1 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

COMMONWEALTH

v.

NANCY J. NETTO

MEMORANDUM OF DECISION AND
ORDER ON MOTION FOR NEW TRIAL

A.  Introduction

In March, 1996, a jury in the Superior Court found the defendant guilty of murder in the first degree by armed robbery felony murder. A few days after the trial, the defendant filed a motion for a new trial or for a finding of guilty of a lesser offense. The trial judge denied the motion. In her appeal, the Supreme Judicial Court affirmed the defendant's murder conviction. *Commonwealth v. Netto*, 438 Mass. 686 (2003).

The defendant was represented at her trial and in her first motion for a new trial by Attorney J. Drew Segadelli. The defendant was represented in her appeal by Attorney Steven J. Rappaport. The defendant is now represented by a third attorney.

In April, 2004, the defendant filed a second motion for a new trial. This motion is denied.

The issues raised in the motion for a new trial have been waived by the defendant's failure to raise them at the trial, in a prior motion for a new trial, and in the prior appeal. *Commonwealth v. Pisa*, 384 Mass. 362, 366 (1981). The defendant's present claim that Attorney Segadelli deprived her of the effective assistance of counsel

2

at the tria  could have been raised by Attorney Rappaport in the appeal or by filing a motion for a new trial on this ground while the appeal was pending.  The defendant's present motion for a new trial and memorandum do not argue that Attorney Rappaport was ineffective in his representation of the defendant during the appeal.

The motion for a new trial is denied because the claim of ineffective assistance of counsel has been waived by the defendant's failure to raise it while her appeal was pending and while she was represented by Attorney Rappaport.  The motion is also denied for the independent reason that Attorney Segadelli provided skillful, competent representation of the defendant during the trial.  He did not deprive the defendant of her constitutional right to the effective assistance of counsel.

Ineffective assistance of counsel means "serious incompetency, inefficiency or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).  The defendant must also show that counsel's behavior "likely deprived the defendant of an otherwise available, substantial ground of defence." *Id.* Counsel's tactical judgments are not evidence of incompetence unless they are "'manifestly unreasonable.'" *Commonwealth v. White,* 409 Mass. 266, 273 (1991).

## B.  Lesser Included Offense Instruction

Trial counsel's tactical decision to not request an instruction on unarmed robbery and felony murder by unarmed robbery was not ineffective assistance of counsel, whether or not counsel fully consulted the defendant on this issue.  The decision to not request the instruction was not manifestly unreasonable.  The Supreme Judicial Court

3

has ruled in this case that counsel's decision "was a reasonable tactical decision." 438 Mass. at 707.

The Supreme Judicial Court has also determined in this case that the lack of an instruction on unarmed robbery and felony murder by unarmed robbery did not create a substantial risk of a miscarriage of justice. 438 Mass. at 704-07. In my judgment based on the evidence at the trial, counsel's decision did not deprive the defendant of a substantial ground of defense. See *Commonwealth v. Silva*, 25 Mass. App. Ct. 220, 227-28 (1987) (discussing the relationship between on an ineffective counsel claim and a prior appellate ruling that there was no substantial risk of a miscarriage of justice).

Assuming that trial counsel had consulted with the defendant and had requested and received such an instruction, there was still "abundant evidence" that the defendant committed the robbery with a conscious disregard of the risk to human life. 438 Mass. at 705. Counsel reasonably chose to focus on the more promising argument that the defendant was not a participant in the robbery and killing rather than trying to also pursue the unlikely theory that as a participant she did not have a conscious disregard of the risk to human life. "It would not have aided the defense to have the judge tell the jury that what was being argued to them as a fatal weakness in the Commonwealth's evidence was not in fact an impediment to the jury's finding her guilty of felony-murder in the first degree." 438 Mass. at 707. This was not ineffective assistance by trial counsel.

There was also no ineffectiveness of counsel or loss of a substantial ground of defense regarding a possible instruction on the lesser offense of larceny. The jury submitted a question about the issue of whether Nancy Netto was present in the

4

victim's apartment at the time he was killed. See 428 Mass at 706 n. 19. The trial judge's instructions in response to this question included an instruction that if the joint venturer did not become involved until after the victim had already been killed, the joint venturer would not be guilty of armed robbery or of any form of murder. *Id.* After considering these instructions, the jury found unanimously and beyond a reasonable doubt that the defendant participated as a joint venturer in an armed robbery and that the killing was incidental to and the natural and probable consequence of the armed robbery. *Id.* In these circumstances, the absence of a larceny instruction, with or without consultation with the defendant, was not likely to have deprived the defendant of a substantial ground of defense. *Saferian, supra.*

## C.  Fingerprint Evidence

At the trial, the defendant did not dispute the fact that the latent fingerprint on the inside bathroom door handle of the victim's apartment matched her own right thumbprint. The defendant did not dispute at the trial, and she does not dispute now, that it was she who left this thumbprint on the inside of the bathroom door. The defendant's post-trial fingerprint expert takes issue only with the opinion of State Police Trooper Richard Lauria that the latent print was "fairly fresh, probably within two or three days." The affidavit of the newly acquired defense expert, Kenneth R. Moses, gives his opinion that "[n]o reliable indication of a print's freshness can be obtained from its rate of development or appearance after it is developed."

The lack of similar defense expert evidence at the trial does not show "serious incompetency, inefficiency or inattention" by Attorney Segadelli. It likewise does not

5

show the loss of a substantial ground of defense. *Commonwealth v. Saferian*, *supra*. Trooper Lauria's opinion that the latent print was fairly fresh was not based solely on how quickly and clearly the print became visible when treated with the brush and powder. His opinion was also based on the location of the print on the inside bathroom door handle. The jury readily understood that frequent touchings on an inside bathroom door handle would naturally eliminate or damage any latent print except one that had been left fairly recently.

The absence of a defense fingerprint expert at the trial falls short of showing that Attorney Segadelli's representation was below the range of an ordinary fallible attorney. More importantly, with or without a defense expert, there was no avoiding the location of the defendant's thumbprint. The location of the print alone supported the conclusion that it was fairly fresh. As noted in the Supreme Judicial Court's opinion, there was evidence that Nancy Netto had not been welcome in the victim's apartment for one week before his murder. 438 Mass. at 688, 703. Considering the likelihood that Mr. Levesque and possibly other guests handled the inside bathroom door handle numerous times in the prior week, it is highly unlikely that a Nancy Netto thumbprint would have remained undamaged on the inside handle for more than a week. The defendant was not deprived of a substantial ground of defense by the absence of a defense expert opinion on whether the freshness of the print could be determined in part by its rapid and clear response to testing.

6

D.  Order

The motion for a new trial is denied.

August 11  2004

Charles J. Hely
Justice

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO.  SJ-2004-0374

BRISTOL SUPERIOR COURT
NOS: 33618-33619

COMMONWEALTH

vs.

NANCY NETTO.

MEMORANDUM OF DECISION

This matter is before me pursuant to G. L. c. 278, § 33E, on
the defendant's petition for leave to appeal the denial of her
second motion for a new trial.  On March 19, 1996, the defendant
was convicted of murder in the first degree on a theory of
felony-murder and of armed robbery, and filed a timely notice of
appeal.  The defendant filed a motion to set aside the verdicts
or for a new trial on March 22, 1996, which was denied by the
trial judge.  The defendant was represented by new counsel on
appeal, and this court affirmed the first degree murder
conviction, but dismissed the armed robbery conviction as
duplicative.  Commonwealth v. Netto, 438 Mass. 686 (2003).  The
defendant then filed a second motion for a new trial on April 13,
2004.  The motion judge (also the trial judge) denied that
motion, and the present petition followed.  I conclude that the
defendant has failed to raise any "new and substantial question"
which ought to be addressed by the full court.  See G. L. c. 278,

2

§ 33E.

The defendant asserts that her trial counsel was ineffective because he failed to permit her to make the decision, or even to consult with her, as to whether to request that the trial judge instruct the jury on the lesser included offenses of unarmed robbery and larceny. This argument is not new. "An issue is not 'new' within the meaning of G. L. c. 278, § 33E, where either it has already been addressed, or where it could have been addressed had the defendant properly raised it at trial or on direct review.' Commonwealth v. Ambers, 397 Mass. 705, 707 (1986). The defendant raised on direct appeal the issue whether her trial counsel should have consulted with her about the decision not to ask for lesser included offense instructions. The defendant maintains that the record on direct appeal was inadequate to raise such a claim, but gives no description of the inadequacies which would have prevented it, and this argument is belied by the defendant's statement in her original appellate brief that there was no indication that trial counsel had consulted with her on this issue.

Nor is this argument substantial. Even assuming without deciding that it was conduct falling measurably below that expected from an ordinary fallible lawyer for the defense counsel in this case not to consult with his client on this subject, see Commonwealth v. Donlan, 426 Mass. 329, 334-335 (2002) (not

3

deciding whether decision to request an instruction on a lesser
included offense is one as to which defendant has the ultimate
authority), a decision by the defendant to request instructions
on unarmed robbery would not have made a difference in the
outcome of the case. Unarmed robbery, "if the jury find from the
circumstances of the felony that the defendant consciously
disregarded risk to human life," may operate as the predicate
felony for felony murder. Commonwealth v. Netto, supra at 705
(2003), quoting Commonwealth v. Moran, 387 Mass. 644, 651 (1982).
On direct appeal, this court concluded that "had they been
requested, instructions on the lesser included offense of unarmed
robbery, and corresponding instructions on felony murder
predicated on unarmed robbery, would have been required."
Commonwealth v. Netto, supra at 704. However, this court also
noted that

> "Here, there was abundant evidence on which the jury
> could have concluded that this particular robbery, even
> assuming that it was initially undertaken by Nancy Netto in
> the belief that it was an unarmed robbery, was committed
> with a conscious disregard of the risk to human life. . . .
> Had the jury been instructed on the requirements for felony-
> murder predicated on unarmed robbery, the Commonwealth had
> readily met its burden of proving the additional requirement
> of a conscious disregard of the risk to human life in the
> circumstances of this particular robbery."

Id. at 705. This issue has already been resolved on direct
appeal, where we concluded that instructions on unarmed robbery
would not have prevented the jury from convicting the defendant
of felony-murder. Id. Thus, the defendant was not deprived of

4

"an otherwise available, substantial ground of defence," and did
not lack the effective assistance of counsel. <u>Commonwealth</u> v.
<u>Saferian</u>, 366 Mass. 89, 96 (1974).

Likewise, trial counsel's failure to consult with the
defendant about requesting an instruction on the lesser included
offense of larceny does not raise a substantial question. Even
assuming that trial counsel should have consulted with the
defendant on this issue, see <u>Commonwealth</u> v. <u>Donlan</u>, <u>supra</u> at
334-335, his failure to do so was not likely to have deprived her
of a substantial ground of defense. On the facts of this case,
conviction of larceny would mean that she was not involved in the
killing but only took the property after the victim was killed.
The jury rejected this version of events. In response to a jury
question whether joint venture felony-murder required the
defendant to be present at the time of the stabbing, the judge
instructed, <u>inter alia</u>, that if the joint venturer had only
become involved after the victim had been killed, she would not
be guilty of armed robbery or any form of murder. <u>Commonwealth</u>
v. <u>Netto</u>, <u>supra</u> at 706, n. 19. The jury found that the defendant
was guilty of felony murder as a joint venturer in an armed
robbery and that the killing was incidental to and a natural and
probable consequence of the armed robbery. <u>Id</u>. In so doing, the
jury found as a matter of fact that the defendant did not merely
steal the victim's possessions after the killing, but rather was

5

a participant in the venture which led to his death.  Had the
jury believed that the defendant only committed larceny, in
accord with the judge's supplemental instruction they would have
acquitted her of murder and armed robbery.  The motion judge
correctly concluded that "the absence of a larceny instruction,
with or without consultation with the defendant, was not likely
to have deprived the defendant of a substantial ground of
defense."  See Commonwealth v. Saferian, supra at 96.

The defendant also argues that testimony by a Commonwealth
expert that a fingerprint of the defendant found on the inside
bathroom door handle of the victim's apartment was "fairly
fresh," created a substantial risk of a miscarriage of justice
because it "was based on outrageously flawed forensic evidence
and undoubtedly made a difference in the jury's conclusion."  The
expert based his evaluation both on how quickly and clearly the
print became visible when treated, and on its presence in a
location that frequently would be touched.  The defendant has
submitted an expert affidavit that the speed with which a
fingerprint develops and its clarity is unrelated to its age.
This issue is not new, as the defendant could have raised it in
her direct appeal.  See Commonwealth v. Ambers, supra at 707.
Nor is it substantial.  As this court noted, there was evidence
that the defendant had not been welcome in the victim's apartment
for one week before the murder.  Commonwealth v. Netto, supra at

6

702.  The motion judge concluded that, given the likelihood that
the victim (or potential guests) touched the door handle multiple
times in the prior week, it is highly unlikely that the
defendant's fingerprint would remain undamaged for such a period.
Thus, even apart from the issue of the speed with which the print
developed, there was ample justification for the Commonwealth's
expert's conclusion that the print was probably between two and
four days old.  Furthermore, the expert testified that there was
"no specific way to tell" the age of a fingerprint and that he
could only estimate its age.[1]  Nor was the defendant harmed by
trial counsel's failure to call an opposing expert.  Since the
evidence clearly established that the fingerprint was the
defendant's, trial counsel chose to attack the freshness of the
print by cross-examination of the Commonwealth's expert, rather
than hiring a defense expert.  This argument is not substantial,
especially given the other evidence linking the defendant to the
crime.

     A judgment shall enter denying the petition.

-----

     [1] The defendant also claims that the fresh fingerprint
evidence went to the heart of the Commonwealth's case.  Yet, the
testimony was elicited only on redirect examination, after
defense counsel raised an issue about the print's freshness on
cross-examination.

7

By the Court

Judith A. Cowin
Associate Justice

Entered: March 18, 2005