UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NANCY NETTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10695- RGS |
| | ) | |
| LYNN BISSONNETTE, | ) | |
| | ) | |
| Respondent. | ) | |

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Nancy Netto.

1(a).   Admitted.

1(b).   Admitted.

2(a).   Admitted.

2(b).   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted.

6(a)-(c).   Admitted.

7.   Admitted.

8.   Admitted.

9(a)-(e).   Admitted.

9(f).

9(g).    Not applicable.

9(h).    Admitted.

10.    Admitted.

11(a).    Admitted.

11(b).    Admitted.

11(c).    Left blank by petitioner.

11(d).    Admitted.

11(e).    Admitted.

12.    GROUND ONE: The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required.

12(a).  To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12(a) of the petition insofar as they are inconsistent with the facts found by the Supreme Judicial Court in *Commonwealth v. Netto*, 438 Mass. 686, 783 N.E.2d 439 (2003).

12(b).    Not applicable.

12(c)    Admitted.

12(d).    Admitted.

12. GROUND TWO: The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required.

12(a).  To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12(a) of the petition insofar as they are inconsistent with the facts found by the Supreme Judicial Court in *Commonwealth v. Netto*, 438 Mass. 686, 783 N.E.2d 439

(2003).

12(b). Left blank by petitioner.

12(c). Denied.

12(d)(1)-(3). Admitted.

12(d)(4)-(6). Denied. Answering further, the respondent states that the petitioner filed an application for leave to appeal in the SJC, but that application was denied.

12. GROUND THREE: The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required.

12(a). To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12(a) of the petition insofar as they are inconsistent with the facts found by the Supreme Judicial Court in *Commonwealth v. Netto*, 438 Mass. 686, 783 N.E.2d 439 (2003).

12(b). Left blank by petitioner.

12(c)(1). Admitted.

12(c)(2). Denied.

12(d)(1)-(3). Admitted.

12(d)(4)-(6). Denied. Answering further, the respondent states that the petitioner filed an application for leave to appeal in the Supreme Judicial Court for Suffolk County, but that application was denied.

12. GROUND FOUR: The respondent states that paragraph 12 contains legal argument and conclusions to which no response is required.

12(a). To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph 12(a) of the petition insofar as they are inconsistent with the facts

found by the Supreme Judicial Court in *Commonwealth v. Netto*, 438 Mass. 686, 783 N.E.2d 439 (2003).

12(b).    Left blank by petitioner.

12(c)(1).    Admitted.

12(c)(2).    Denied.

12(d)(1)-(3).    Admitted.

12(d)(4)-(6).    Denied.  Answering further, the respondent states that the petitioner filed an application for leave to appeal in the Supreme Judicial Court for Suffolk County, but that application was denied.

13(a).    Admitted.

14.    The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15.    The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 15.

16(a)-(g).    Admitted.

17.    The respondent lacks the knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

18.    Admitted.

And further answering the respondent will obtain transcripts from the petitioner's trial which will be supplied to the Court whenever deemed necessary.  Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the following documents from the petitioner's state court proceedings:

    1.    Docket Sheets in *Commonwealth v. Netto*, Bristol Superior Court No. 33618-33619.

2. Petitioner's brief and appendix on appeal to the Supreme Judicial Court (07852).

3. Commonwealth's brief to the Supreme Judicial Court.

4. *Commonwealth v. Netto*, 438 Mass. 686, 783 N.E.2d 439 (2003).

5. Petition for Leave to Appeal.

6. Memorandum of Decision denying application for leave to appeal.

### **DEFENSES**

1. The petition contains claims that are procedurally defaulted.

2. The state court adjudication of the remaining claims was not contrary to or an unreasonable application of clearly established Supreme Court law nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court.

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

                                                  Respectfully submitted,

                                                  THOMAS F. REILLY
                                                  ATTORNEY GENERAL

June 10, 2005                        /s/ Susanne G. Reardon
                                                  Susanne G. Reardon
                                                  Assistant Attorney General
                                                  Criminal Bureau
                                                  One Ashburton Place
                                                  Boston, Massachusetts 02108
                                                  (617) 727-2200
                                                  BBO No. 561669

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the attached documents was served upon Stephen Paul Maidman, Esq. 1145 Main Street, Suite 417, Springfield, MA 01103, by first class mail, postage pre-paid, on June 10, 2005.

                                                /s/ Susanne G. Reardon
                                                Susanne G. Reardon
                                                Assistant Attorney General