UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 2005-CV10695-RGS


NANCY J. NETTO,
*Petitioner*

v.

LYNN BISSONNETTE,
*Respondent*


_____

MEMORANDUM OF LAW

REPLY BRIEF
IN SUPPORT OF PETITION UNDER 28 U.S.C. § 2254
FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

_____


STEPHEN PAUL MAIDMAN, ESQUIRE
Attorney for Petitioner
1145 Main Street, Suite 417
Springfield, Massachusetts  01103
(413) 731-7300 (Voice & Fax)
maidman@prodigy.net
BBO #631882

## Table of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . . . . iii

Argument. . . . . . . . . . . . . . . . . . . . . . . . . .  1

I.    THE PETITIONER WAS CONVICTED UPON CONSTITUTIONALLY
      INSUFFICIENT EVIDENCE BECAUSE THE EVIDENCE ADDUCED
      AT TRIAL FAILED TO ESTABLISH THAT SHE WAS A JOINT
      VENTURER IN THE KILLING.  THE PETITIONER IS ENTITLED
      TO HABEAS RELIEF UNDER GROUND ONE OF HER PETITION
      BECAUSE THE MASSACHUSETTS SUPREME JUDICIAL COURT'S
      DECISION IS OBJECTIVELY UNREASONABLE UNDER THE FIRST
      CIRCUIT'S McCAMBRIDGE STANDARD. . . . . . . . . . . .  2

II.   GROUND TWO OF THE PETITION HAS NOT BEEN PROCEDURALLY
      DEFAULTED.  BECAUSE THERE HAS BEEN NO ADJUDICATION ON
      THE MERITS IN THE STATE COURT ON THESE CLAIMS, THE
      PETITIONER IS ENTITLED TO FULL DE NOVO REVIEW BY THIS
      COURT ON THE CLAIMS SET FORTH IN GROUND TWO OF HER
      PETITION. . . . . . . . . . . . . . . . . . . . . . .  9

III.  ANY PROCEDURAL DEFAULTS WITH RESPECT TO THE CLAIMS
      SET FORTH IN GROUND TWO AND GROUND FOUR OF THE
      PETITION ARE EXCUSED UNDER THE TRADITIONAL HABEAS
      DOCTRINE OF CAUSE AND PREJUDICE BECAUSE THE CLAIMS
      OF INEFFECTIVE ASSISTANCE OF COUNSEL COULD NOT HAVE
      BEEN MOUNTED AT THE REQUISITE TIME AS THE PETITIONER
      WAS STILL BEING REPRESENTED BY THE SAME INEFFECTIVE
      LAWYER OR BECAUSE THE PROCEDURAL POSTURE OF THE CASE
      PRECLUDED THE FACTUAL DEVELOPMENT NECESSARY TO
      LITIGATE SUCH CLAIMS. . . . . . . . . . . . . . . . . 12

IV.   ANY PROCEDURAL DEFAULTS WITH RESPECT TO THE CLAIMS
      SET FORTH IN GROUND THREE OF THE PETITION ARE EXCUSED
      BECAUSE THE FAILURE TO CONSIDER THE CLAIMS WILL
      RESULT IN A FUNDAMENTAL MISCARRIAGE OF JUSTICE. . . . 20

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . 21

List of Accompanying Exhibits . . . . . . . . . . . . . . . 22

## Table of Authorities

### *Cases*

Bloomer v. United States,
 162 F.3d 187 (2d Cir. 1998) . . . . . . . . . . . .     14

Brecheen v. Reynolds,
 41 F.3d 1343 (10th Cir. 1994), cert. denied,
 515 U.S. 1135 (1995). . . . . . . . . . . . . . . .     16

Ciak v. United States,
 59 F.3d 296 (2d Cir. 1995). . . . . . . . . . . . .     15

Coleman v. Thompson,
 501 U.S. 722 (1991) . . . . . . . . . . . . . . 12,19,20

Commonwealth v. Adamides,
 37 Mass. App. Ct. 339 (1994). . . . . . . . . . . .     17

Commonwealth v. Anderson,
 58 Mass. App. Ct. 117 (2003). . . . . . . . . . . .     17

Commonwealth v. Azar,
 435 Mass. 675 (2002). . . . . . . . . . . . . . . .     16

Commonwealth v. Conceicao,
 388 Mass. 255 (1983). . . . . . . . . . . . . . . .     18

Commonwealth v. Lanoue,
 400 Mass. 1007 (1987) . . . . . . . . . . . . . . .     16

Commonwealth v. Netto,
 438 Mass. 686 (2003). . . . . . . . . . . . . . . .      5

Commonwealth v. Peloquin,
 52 Mass. App. Ct. 480 (2001). . . . . . . . . . . .     16

Commonwealth v. Vickers,
 60 Mass. App. Ct. 24 (2003) . . . . . . . . . . . .     17

Engle v. Issac,
 456 U.S. 107 (1982) . . . . . . . . . . . . . . . .     20

Fortini v. Murphy,
 257 F.3d 39 (1st Cir. 2001) . . . . . . . . . . . .     10

Francis S. v. Stone,
 221 F.3d 100 (2d Cir. 2000) . . . . . . . . . . . .      4

Gibney v. Commonwealth,
  375 Mass. 146 (1978). . . . . . . . . . . . . . . .   17

Haberek v. Commonwealth,
  421 Mass. 1005 (1995) . . . . . . . . . . . . . . .   16

Healy v. Spencer,
  397 F. Supp. 2d 269 (D. Mass. 2005) . . . . . . . .   3

Hurtado v. Tucker,
  245 F.3d 7 (1st Cir. 2001). . . . . . . . . . . . .   3

Jackson v. Virginia,
  443 U.S. 307 (1979) . . . . . . . . . . . . . . . .   2,4,6

Massaro v. United States,
  538 U.S. 500 (2003) . . . . . . . . . . . . . . . .   15,17

McCambridge v. Hall,
  303 F.3d 24 (2002). . . . . . . . . . . . . . . . .   *passim*

Murray v. Carrier,
  477 U.S. 478 (1986) . . . . . . . . . . . . . . . .   19,20

O'Brien v. Dubois,
  145 F.3d 16 (1st Cir. 1998) . . . . . . . . . . . .   4

Ouber v. Guarino,
  293 F.3d 19 (1st Cir. 2002) . . . . . . . . . . . .   6

Pennsylvania v. Finley,
  481 U.S. 551 (1987) . . . . . . . . . . . . . . . .   18

Pires v. Commonwealth,
  373 Mass. 829 (1977). . . . . . . . . . . . . . . .   16

Sanna v. Dipaolo,
  265 F.3d 1 (1st Cir. 2001). . . . . . . . . . . . .   6

Strickland v. Washington,
  466 U.S. 668 (1984) . . . . . . . . . . . . . . . .   19

United States v. Galloway,
  56 F.3d 1239 (10th Cir. 1995) . . . . . . . . . . .   15,17

Walker v. Gibson,
  228 F.3d 1217 (10th Cir. 2000), cert. denied,
  533 U.S. 933 (2001) . . . . . . . . . . . . . . . .   14

v

<u>Williams v. Taylor</u>,
  529 U.S. 362 (2000) . . . . . . . . . . . . . . . . . .    3

*Statutes*

G.L. c. 278, § 33E. . . . . . . . . . . . . . . . . . .    10

28 U.S.C. § 2254(d)(1). . . . . . . . . . . . . . . .    *passim*

28 U.S.C. § 2254(d)(2). . . . . . . . . . . . . . . . .    5

28 U.S.C. § 2254(e)(1). . . . . . . . . . . . . . . . .    5

*Massachusetts Criminal Procedural Rules*

Rule 25(b)(2) . . . . . . . . . . . . . . . . . . . .    13

Rule 30(b). . . . . . . . . . . . . . . . . . . . . .    13,14

Rule 30(c)(2) . . . . . . . . . . . . . . . . . . . .    14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 2005-CV10695-RGS


NANCY J. NETTO,
*Petitioner*

v.

LYNN BISSONNETTE,
*Respondent*


MEMORANDUM OF LAW

REPLY BRIEF IN SUPPORT OF PETITION FOR HABEAS CORPUS

Now comes the Petitioner by and through her undersigned counsel and respectfully submits this reply brief in response to the Respondent's Memorandum in Opposition to the Petition for Habeas Corpus.[1]


Argument

The Petitioner relies on the legal arguments which she previously made in her opening brief.  The following additional arguments are offered for the Court's consideration.  With

---

[1] The transcript of the Petitioner's trial in the Bristol Superior Court will be cited by volume and page number as "Tr. Volume/Page".  Exhibits hereto will be cited by identifying letter and, where appropriate, by page number as "Exhibit Letter at Page".  Exhibits included with the Petitioner's opening brief will be cited by identifying letter and, where appropriate, by page number as "Petitioner's Opening Brief Exhibit Letter at Page".

respect to Ground One of her petition, this reply brief primarily

addresses the "unreasonable application" standard articulated in

McCambridge v. Hall, 303 F.3d 24, 36 (2002).  With respect to

Ground Two, Ground Three, and Ground Four of her Petition, this

reply brief addresses the procedural defenses asserted by the

Respondent.


I.    THE PETITIONER WAS CONVICTED UPON CONSTITUTIONALLY
      INSUFFICIENT EVIDENCE BECAUSE THE EVIDENCE ADDUCED AT TRIAL
      FAILED TO ESTABLISH THAT SHE WAS A JOINT VENTURER IN THE
      KILLING.  THE PETITIONER IS ENTITLED TO HABEAS RELIEF
      UNDER GROUND ONE OF HER PETITION BECAUSE THE MASSACHUSETTS
      SUPREME JUDICIAL COURT'S DECISION IS OBJECTIVELY
      UNREASONABLE UNDER THE FIRST CIRCUIT'S McCAMBRIDGE
      STANDARD.

      The Petitioner contends in Ground One of her petition that

she is entitled to habeas relief because her convictions for

first-degree murder and armed robbery rest upon constitutionally

insufficient evidence.  Because the Massachusetts Supreme

Judicial Court adjudicated this constitutional claim on its

merits, this Court will apply the deferential, statutory

"unreasonable application" test of 28 U.S.C. § 2254(d)(1).

      The United States Supreme Court in Jackson v. Virginia, 443

U.S. 307, 324 (1979), held that federal habeas relief is

unwarranted unless it can be demonstrated that "upon the record

evidence adduced at the trial no rational trier of fact could

have found proof of guilt beyond a reasonable doubt."  More

recently, in construing the "unreasonable application clause" of

the Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), 28 U.S.C. § 2254(d)(1), the Supreme Court made clear
that the federal district court may grant habeas relief "if the
state court identifies the correct governing legal principle from
[the Supreme] Court's decisions but unreasonably applies that
principle to the facts of the prisoner's case."  Williams v.
Taylor, 529 U.S. 362, 413 (2000).

    As a consequence of the AEDPA, the Petitioner now faces two
distinct hurdles in establishing that she is entitled to habeas
relief premised upon the insufficiency of the evidence supporting
her conviction.  She must first show that her jury acted
irrationally.  Then she must show that the Supreme Judicial
Court's determination to the contrary was an objectively
unreasonable application of clearly established federal law.  See
McCambridge v. Hall, 303 F.3d 24, 43 (1st Cir. 2002)("double
hurdle" for habeas petitioner to show prejudice caused by
prosecutor's improper closing argument and that state court
determination was unreasonable); Healy v. Spencer, 397 F. Supp.
2d 269, 297 (D. Mass. 2005)(referring to the "familiar 'double
hurdle'" faced by habeas petitioners in sufficiency of the
evidence cases).  See also Hurtado v. Tucker, 245 F.3d 7, 15 (1st
Cir. 2001)("The habeas question of whether the state court
decision is objectively unreasonable is layered on top of the

underlying standard governing the constitutional right
asserted.")

Finally, under the standard established by the United States
Court of Appeals for the First Circuit for construing what
constitutes an "unreasonable application" of United States
Supreme Court precedent, in order to show that the Massachusetts
Supreme Judicial Court's decision in Petitioner's case is an
objectively unreasonable application of Jackson v. Virginia, the
Petitioner must prove that there is "some increment of
incorrectness beyond error" in the state court's decision.
McCambridge v. Hall, 303 F.3d at 36, quoting Francis S. v. Stone,
221 F.3d 100, 111 (2d Cir. 2000). As the First Circuit has
noted, "The increment need not necessarily be great, but it must
be great enough to make the decision unreasonable in the
independent and objective judgment of the federal court." Id.

An indicator that a state court decision may be unreasonable
is that the decision is "arbitrary". McCambridge v. Hall, 303 F.
3d at 37, citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir.
1998). This indicator of objective unreasonableness is glaring
in the Massachusetts Supreme Judicial Court's determination of
the sufficiency of the evidence issue in the Petitioner's case.

With respect to the sufficiency of the evidence of the
Petitioner's presence at the scene of the crime at the time of
the crime, the Massachusetts Supreme Judicial Court ruled:

> [T]he Commonwealth introduced evidence that her
> fingerprint was on the bathroom door handle in
> Levesque's apartment, that it was a "fairly fresh"
> print, and that Nancy Netto had not been allowed into
> the apartment for one week prior to the crime.  In
> combination, that evidence viewed in the light most
> favorable to the Commonwealth, was sufficient to prove
> that Nancy Netto had been in Levesque's apartment at
> the time of the crime.

Commonwealth v. Netto, 438 Mass. 686, 701-702 (2003).

Completely aside from whether the Commonwealth's use of its
"fresh fingerprint" testimony had any kind of legitimate forensic
underpinnings, whether it created the evidentiary foundation for
a wrongful conviction, and whether it effectively denied the
Petitioner her federally protected rights to a fair trial and to
the due process of law (see Argument III in Petitioner's opening
brief), the inference that because the Petitioner's fingerprint
was found on the bathroom door handle in Levesque's apartment,
the Petitioner must have been there at the time of the crime, as
otherwise her fingerprint would have been smudged off by someone
else using the bathroom door handle, is simply improper.

The inference drawn by the state court that the Petitioner
must have been at the scene of the crime at the precise time of
the crime is not only improper, but more than merely improper,
for AEDPA purposes it is entirely arbitrary.[2]  It is equally

---

[2] The inferences which the Massachusetts Supreme Judicial
Court drew from its factual findings in the Petitioner's case are
not entitled to any special rule of deference based on 28 U.S.C.
§ 2254(d)(2) and 28 U.S.C. § 2254(e)(1).  In a habeas case

(Continued on Next Page)

likely, based on this same evidence, that the Petitioner was not
at the scene of the crime at the precise time of the crime.

Michelle Griffin testified that the last time she saw the
Petitioner in Levesque's apartment was about a week before the
murder.  Tr. II/18-19, 24.  The Petitioner had told her that she
was not welcome in Levesque's apartment after that last visit.
Tr. II/24.  But, before that time, the Petitioner had been seen
over Levesque's apartment on numerous occasions.  Tr. II/19, 79.

There was also evidence in the record that Levesque lived
alone.  Tr. I/136.  Other than Levesque, there was no evidence in
the record that anyone else was actually in Levesque's apartment
during the week preceding the murder.  And, as a single gentleman
living alone in the apartment, it is equally likely, if not
significantly more likely based upon everyday commonsense, that
Levesque never closed the door to his bathroom when he used the
bathroom when alone in his apartment, thereby leaving the
Petitioner's fingerprint to remain in pristine condition.  Based

---

challenging the state court's determination of the sufficiency of
the evidence under the Jackson standard, these inferences are
more appropriately analyzed under the unreasonable application
test of 28 U.S.C. § 2254(d)(1).  See Ouber v. Guarino, 293 F.3d
19, 27 (1st Cir. 2002), quoting Sanna v. Dipaolo, 265 F.3d 1, 7
(1st Cir. 2001)("[T]he special prophylaxis of section 2254(d)(2)
applies only to determination of 'basic, primary, or historical
facts.'").  As the First Circuit noted in the Ouber case,
"Inferences, characterizations of the facts, and mixed fact/law
conclusions are more appropriately analyzed under the
"unreasonable application" prong of section 2254(d)(1)."  Id.

upon this evidence, the contrary inference is equally likely –
that despite the discovery of the Petitioner's fingerprint on the
handle to the bathroom door, she was not in the apartment at the
time of the crime.  It is equally likely that the Petitioner's
fingerprint was placed on the door handle on some other previous
occasion when she was legitimately in Levesque's apartment prior
to the murder.

   The Massachusetts Supreme Judicial Court improperly drew the
inculpatory inference against the Petitioner when an opposite and
exculpatory inference was equally likely.  The state court's
determination that there was sufficient evidence of the
Petitioner's physical presence at the time of the crime based
upon this inference was patently arbitrary.  The same evidence
equally supports both inculpatory and exculpatory inferences; the
state court simply went with the inculpatory inference.  Under
the federal constitutional standard, no rational jury could find
beyond a reasonable doubt that the Petitioner was present in the
apartment at the time of the murder based upon this
circumstantial evidence, evidence which the Petitioner contends
is inherently forensically flawed to begin with.  And the
Massachusetts Supreme Judicial Court's determination that the
jury acted rationally was objectively unreasonable under the
totality of the evidence, especially when, as stated in her
opening brief, the record of the Petitioner's trial is simply

devoid of any evidence of some sort of an act by the Petitioner which contributed to the crime happening.

With respect to the Petitioner's knowledge of a weapon or other evidence of her participation in the crime, the Massachusetts Supreme Judicial Court's reasoning is similarly strained to the level of "some increment of incorrectness beyond error" under the McCambridge case.

As for evidence that the Petitioner had knowledge that her coventurer was armed with a dangerous weapon, the murder weapon was a knife that matched a set of steak knives that was found in a kitchen drawer inside Levesque's apartment. The state court inferred that because resistance was to be expected from Levesque, the perpetrators would have recognized that a dangerous weapon was necessary to overcome Levesque's resistance and therefore the Petitioner must have been aware of that planned weapon.

Essentially, what the state court is saying is that the perpetrators planned an armed robbery in the victim's residence, but that they planned to arm themselves with a weapon to be obtained at that residence once they arrived at that residence. Commonsense would suggest that few, if any, armed robberies are ever planned in such an unusual fashion. The Petitioner contends this inference is not only unreasonable – and that no rational trier of fact could have ever properly found beyond a reasonable

doubt this essential element of the crime of armed robbery under a theory of joint venture based on this thinking – but that the state court's determination relying upon this unusual logic is so flawed that the <u>McCambridge</u> standard is met.

In sum, viewing the totality of the evidence in evaluating the determination of the Massachusetts Supreme Judicial Court, that court's assessment that the weight of the evidence was constitutionally sufficient under <u>Jackson</u> to support Petitioner's conviction is objectively unreasonable under the First Circuit's <u>McCambridge</u> standard.

II.    GROUND TWO OF THE PETITION HAS NOT BEEN PROCEDURALLY DEFAULTED.  BECAUSE THERE HAS BEEN NO ADJUDICATION ON THE MERITS IN THE STATE COURT ON THESE CLAIMS, THE PETITIONER IS ENTITLED TO FULL *DE NOVO* REVIEW BY THIS COURT ON THE CLAIMS SET FORTH IN GROUND TWO OF HER PETITION.

The Respondent asserts that the Petitioner has procedurally defaulted on Ground Two of her petition which alleged that she received ineffective assistance of counsel under the federal constitution because her lawyer did not permit her to make the decision or even consult with her about the decision whether to request the trial judge instruct the jury on lesser included offenses.

There can be no such procedural default.  This claim was arguably presented to the Massachusetts Supreme Judicial Court in Footnote 7 of the Petitioner's brief on her direct appeal to that court.  <u>See</u> Exhibit A.  And, most dispositively for the purpose

of federal habeas review, in her Memorandum of Decision denying the Petitioner's Gatekeeper Petition pursuant to G.L. c. 278, § 33E, the Single Justice of the Massachusetts Supreme Judicial Court expressly ruled, "The defendant raised on direct appeal the issue whether her trial counsel should have consulted with her about the decision not to ask for lesser included offense instructions."  Memorandum of Decision at 2.[3]

By its own language, Section 2254(d)(1) expressly limits the provision's application to claims that were "adjudicated on the merits in State court proceedings."  If a claim is not "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d)(1), this Court is obliged to employ the traditional, pre-AEDPA standard of full *de novo* review to this particular claim.  See Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (strict standard of review established in federal habeas statute for state court adjudications of claims on the merits did not apply to federal habeas review of claim that was never addressed by state court).  As the First Circuit noted in Fortini, "After all, AEDPA imposes a requirement of deference to state court

---

[3] The Memorandum of Decision of the Single Justice denying the Petitioner's application for leave to appeal was previously included as Exhibit Q in the Petitioner's opening brief.  The Memorandum of Decision of the Single Justice was also included in the Respondent's Supplemental Answer which she filed in this case.

decisions, but we can hardly defer to the state court on an issue that the state court did not address."  Id.

Nowhere in the decision of the Massachusetts Supreme Judicial Court on the Petitioner's direct appeal does the state court address the issue of whether trial counsel provided ineffective assistance of counsel because her lawyer did not permit her to make the decision or even consult with her about the decision whether to request the trial judge instruct the jury on lesser included offenses.  Because the Single Justice expressly ruled, "The defendant raised on direct appeal the issue whether her trial counsel should have consulted with her about the decision not to ask for lesser included offense instructions" and because there has been no adjudication on the merits by the Massachusetts Supreme Judicial Court on this issue within the meaning of 28 U.S.C. § 2254(d)(1), Ground Two of the petition is not procedurally defaulted and is now open for full *de novo* review by this Court.[4]

---

[4] The claims set forth in Ground Two have already been fully briefed on the merits in the Petitioner's opening brief.

III.  ANY PROCEDURAL DEFAULTS WITH RESPECT TO THE CLAIMS SET
      FORTH IN GROUND TWO AND GROUND FOUR OF THE PETITION ARE
      EXCUSED UNDER THE TRADITIONAL HABEAS DOCTRINE OF CAUSE AND
      PREJUDICE BECAUSE THE CLAIMS OF INEFFECTIVE ASSISTANCE OF
      COUNSEL COULD NOT HAVE BEEN MOUNTED AT THE REQUISITE TIME
      AS THE PETITIONER WAS STILL BEING REPRESENTED BY THE SAME
      INEFFECTIVE LAWYER OR BECAUSE THE PROCEDURAL POSTURE OF THE
      CASE PRECLUDED THE FACTUAL DEVELOPMENT NECESSARY TO
      LITIGATE SUCH CLAIMS.

The Single Justice of the Massachusetts Supreme Judicial
Court has already expressly ruled, "The defendant raised on
direct appeal the issue whether her trial counsel should have
consulted with her about the decision not to ask for lesser
included offense instructions."  The Single Justice is entitled
to substantial, if not absolute deference as to what issues the
Petitioner presented to the Massachusetts Supreme Judicial Court
on her direct appeal.  Based upon her ruling, the claims in
Ground Two of the petition cannot be deemed procedurally
defaulted because they were presented on the Petitioner's direct
appeal.

Nonetheless, should this Court take the position for
whatever reason that the claims set forth in Ground Two and
Ground Four of the petition are procedurally defaulted because
they were not raised in a timely fashion the state courts prior
to the Petitioner's second motion for new trial, the Petitioner
argues that any such procedural defaults should be excused under
the traditional habeas doctrine of cause and prejudice.  See
Coleman v. Thompson, 501 U.S. 722, 750 (1991)(federal habeas

review still available in event of procedural default if "the
prisoner can demonstrate cause for the default and actual
prejudice as a result of the alleged violation of federal law, or
demonstrate that failure to consider the claims will result in a
fundamental miscarriage of justice.").

First, any putative defaults should be excused because the
ineffective assistance of counsel claims could not have been
presented by the Petitioner prior to her second motion for new
trial.

The Petitioner is relieved of any procedural impediment that
she waived her claims of ineffective assistance of counsel by
failing to raise them at trial or in her first motion for new
trial which was ostensibly filed by trial counsel as part of and
in conjunction with the Petitioner's Rule 25(b)(2) motion.[5]  This

---

[5] On March 22, 1996, the Petitioner's trial counsel filed a
document entitled "Defendant's Motion Pursuant to Massachusetts
Rules of Criminal Procedure 25(b)(2) and 30(b)".  Petitioner's
Opening Brief Exhibit D.  This paper was filed three days after
the jury returned its verdict convicting the Petitioner of first-
degree murder.  This motion asked the trial judge to "set aside
the verdict and enter a finding of not guilty, or in the
alternative, to order a new trial, or to enter a finding on any
lesser included offense to the offenses charged."  No separate
Rule 30(b) claims were presented to the trial judge in this
motion.

The requested relief in the motion tracks the wording of
Rule 25(b)(2), but the trappings of a substantively and
procedurally sufficient Rule 30(b) motion were missing from the
motion.  For example, the customary language of Rule 30(b) did
not even appear in the motion (e.g., the usual assertion that a
motion for new trial should be granted because "justice may not

(Continued on Next Page)

is so simply because she was represented on her first motion for
new trial by her original constitutionally ineffective trial
counsel.  The second motion for new trial was the first
collateral proceeding available to the Petitioner to properly
raise her ineffective assistance of counsel claims since her
trial counsel could not have reasonably been expected to assert
his own ineffectiveness at the trial itself or in the motion for
new trial which he hastily filed three days after the jury
returned its verdict.  See Walker v. Gibson, 228 F.3d 1217, 1231-
1232 (10th Cir. 2000), cert. denied, 533 U.S. 933 (2001)(although
state post-conviction court deemed ineffective assistance of
counsel claim against trial counsel procedurally barred because
claim not raised on direct appeal, federal court concludes claim
not barred because petitioner had same counsel on trial and on
appeal even though appellate counsel not lead counsel at trial);
Bloomer v. United States, 162 F.3d 187, 192 (2d Cir. 1998)
(procedural default excused where failure to present ineffective
assistance of counsel claim on direct appeal and in first § 2255

---

have been done").  The motion was not accompanied by the
affidavit required under Rule 30(c)(2) setting forth the facts
supporting any potential Rule 30(b) claims.

    The memorandum of law which was filed with the motion
addressed exclusively the claim for relief under Rule 25(b)(2);
it did not discuss or even mention any Rule 30(b) claims
belonging to the Petitioner.  Opening Brief Exhibit E.  The only
reference to Rule 30(b) within the four corners of the memorandum
of law was merely in the title of the document.

motion excused because same lawyer represented petitioner until second § 2255 motion; second § 2255 motion was "first real opportunity to raise an ineffective assistance of counsel claim"); Ciak v. United States, 59 F.3d 296, 303 (2d Cir. 1995) (procedural default rules inapplicable where alleged ineffective lawyer represented petitioner at trial and direct appeal and failed to allege his own ineffectiveness on direct appeal; "[i]t is the rare attorney who can be expected to contend on appeal that his representation was so poor that he deprived his client of a fair trial).

Because of the inherent conflict of interest, the procedural default rules cannot apply in a case such as the Petitioner's where the ineffective trial counsel fails to assert his own constitutionally subpar performance in his own first post-conviction collateral attack on the conviction.  See United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995)(en banc) ("It appears almost insuperably awkward for trial counsel to assert his or her own ineffectiveness as ground for appeal"). See also Massaro v. United States, 538 U.S. 500, 502-503 (2003) (approvingly referring to lower court's recognition that "ineffective-assistance claims usually should be excused from procedural-default rules because an attorney who handles both

trial and appeal is unlikely to raise an ineffective-assistance claim against himself.").[6]

Second, any putative procedural defaults should be excused because the appellate record on direct appeal was factually inadequate for the Petitioner's new appellate counsel to present her ineffective assistance of counsel claims to the Massachusetts Supreme Judicial Court on her direct appeal. See Brecheen v. Reynolds, 41 F.3d 1343, 1363-1364 & n.16 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995)(state court ruling denying appellate review of postconviction claim of ineffective assistance of counsel because it was not raised on direct appeal "cannot constitute an adequate state ground under controlling caselaw because it deprives [petitioner] of any meaningful review of his

---

[6] Even under Massachusetts law, any ineffective assistance of counsel claims involving the Petitioner's trial counsel could not have *reasonably* been expected to have been raised by him at trial or in the motion for new trial which he filed on behalf of the Petitioner three days after the jury returned its verdict. See Commonwealth v. Azar, 435 Mass. 675, 686 (2002)(where same attorney represents defendant at trial and on appeal, ineffective assistance claim not waived when raised for the first time in postappeal motion for new trial); Haberek v. Commonwealth, 421 Mass. 1005, 1005 (1995)("Because the same counsel was both the trial attorney and the appellate attorney, the ineffective assistance of counsel claim could not have been raised earlier."); Commonwealth v. Lanoue, 400 Mass. 1007, 1007-08 (1987)(rescript)(claim of ineffective assistance of trial counsel could not have been raised on direct appeal because trial counsel was also appellate counsel); Pires v. Commonwealth, 373 Mass. 829, 836 n.4 (1977)("Counsel's blunders at trial should not be denied full exposure because counsel subsequently blunders an appeal."); Commonwealth v. Peloquin, 52 Mass. App. Ct. 480, 484-85 (2001), reversed on other grounds, 437 Mass. 204 (2002)(same).

ineffective assistance claim" by preventing additional fact finding).  Indeed, even if the record on direct appeal in the Petitioner's case had been adequate to present her ineffective assistance of counsel claims, federal law would likely still excuse any procedural defaults so long as the claims were properly exhausted in the state system.  See Massaro v. United States, 538 U.S. 500, 509 (2003)(failure to raise ineffective assistance of counsel claim on direct appeal does not bar claim from being brought in subsequent § 2255 proceeding because it does not promote the objectives of procedural default rules).[7]

See also U.S. v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995)(virtually all federal ineffective assistance of counsel

_____

[7] Although Massachusetts law does not prohibit ineffective assistance of counsel claims from being raised on direct appeal, it certainly strongly discourages their presentation unless there is a completely adequate factual record.  See Gibney v. Commonwealth, 375 Mass. 146, 148 (1978)(constitutional claims based on facts outside of record "best left for resolution in the first instance by the trial judge on a motion for new trial."); Commonwealth v. Anderson, 58 Mass. App. Ct. 117, 124 n.8 (2003) ("narrow exception" for review of ineffective assistance of counsel claims on direct appeal in "special cases where the contested issue concerning the attorney's performance is clear on the extant record").  Cf. Commonwealth v. Vickers, 60 Mass. App. Ct. 24, 34 & n.9 (2003)(trial record provides all facts necessary to decide ineffective assistance claim on direct appeal where trial counsel deliberately declined to perform defense functions depriving defendant of meaningful representation for portion of trial); Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994)(claim of ineffective assistance may be resolved on direct appeal "when the factual basis of the claim appears indisputably on the trial record").

claims brought on direct appeal will be dismissed because factual record required for effective review must be developed).

In this case, any procedural default with respect to the claims raised in Ground Two of the Petition should be excused because there was absolutely nothing in the record as it existed at the time of the Defendant's direct appeal showing whether trial counsel permitted the Defendant to make the decision whether to request the trial judge instruct the jury on lesser included offenses. There was absolutely nothing in the record to establish whether trial counsel even consulted with the Defendant about this decision.[8] In short, the appellate record is barren on this factual issue.

---

[8] The trial judge ruled in his decision on the Petitioner's second motion for new trial that the Petitioner's ineffective assistance of counsel claims were waived because her newly-assigned appellate counsel could have raised those claims by filing a pre-appeal motion for new trial. Petitioner's Opening Brief Exhibit O at 1-2. If that ruling were legally correct, it would effectively establish a substantial new obligation and role for appellate counsel handling all direct appeals in criminal cases in the Massachusetts and other state courts. It would essentially mean that in order to provide constitutionally effective representation, all potential claims would have to be litigated by appellate counsel in a motion for new trial before the direct appeal in every case. In cases where counsel is assigned to indigent defendants, this new obligation imposed on appellate counsel on a direct appeal would have to be reconciled with the principle that the criminal defendant does not even have a federal or state constitutional right to assigned counsel for a motion for new trial. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(no constitutional right to counsel to mount collateral attack on convictions; right to appointed counsel extends to first appeal of right and no further); Commonwealth v. Conceicao, 388 Mass. 255, 261 (1983)(indigent defendant does not have

(Continued on Next Page)

Similarly, any procedural default with respect to the claims raised in Ground Four of the petition should be excused because there is nothing in the record as it existed at the time of the Defendant's direct appeal to show whether trial counsel did or did not provide ineffective assistance with respect to the Commonwealth's "fresh fingerprint" testimony.

And third, any putative defaults in this case with respect to the claims set forth in Ground Two and Ground Four of the Petition should be excused based upon the traditional federal habeas doctrine of cause and prejudice.  The classic example of cause for a procedural default is ineffective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668 (1984).  See Coleman v. Thompson, 501 U.S. 722, 753-754 (1991)(attorney error that constitutes ineffective assistance of counsel is cause); Murray v. Carrier, 477 U.S. 478, 488 (1986) (ineffective assistance of counsel is cause for procedural default).  The Petitioner has already comprehensively addressed the merits of her federal ineffective assistance of counsel claims in Argument II and Argument IV of her opening brief.  The Petitioner respectfully refers the Court to her opening brief for her discussion of the merits of her ineffective assistance of counsel claims, including the resulting prejudice which she

---

absolute right to appointed counsel in preparing motion for new trial under Massachusetts Declaration of Rights).

suffered that so undermined the adversarial process that the Petitioner's trial cannot be relied upon as producing a just result.

IV.    ANY PROCEDURAL DEFAULTS WITH RESPECT TO THE CLAIMS SET FORTH IN GROUND THREE OF THE PETITION ARE EXCUSED BECAUSE THE FAILURE TO CONSIDER THE CLAIMS WILL RESULT IN A FUNDAMENTAL MISCARRIAGE OF JUSTICE.

A habeas petitioner who has committed a procedural default may be excused from the default and obtain federal review of her constitutional claims by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "[T]he principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" Murray v. Carrier, 477 U.S. 478, 495 (1986), quoting Engle v. Issac, 456 U.S. 107, 135 (1982).

The Petitioner respectfully refers the Court to Argument III in her opening brief for her discussion of merits of the claims set forth in Ground Three of the Petition. Given the number of exonerations of people wrongfully convicted in this country based on flawed and outright fraudulent forensic evidence, at this point the Commonwealth has to be totally embarrassed by the "fresh fingerprint testimony" which it utilized to obtain a conviction in this case.

The so-called "fresh fingerprint" testimony was the only evidence in the record connecting the Petitioner to the scene of the crime at the time of the crime.  The record of the Petitioner's trial is simply devoid of any evidence of some sort of an act by the Petitioner which contributed to the crime happening.  Under the circumstances, this may be the extraordinary case where constitutional violations have probably resulted in the conviction of someone who is actually innocent.

<u>Conclusion</u>

For all the foregoing reasons, the petition for a writ of habeas corpus in this case should be granted.

NANCY NETTO
By her Attorney


/s/ Stephen Paul Maidman
_____
STEPHEN PAUL MAIDMAN, ESQUIRE
1145 Main Street, Suite 417
Springfield, Massachusetts  01103
(413) 731-7300 (Voice & Fax)
maidman@prodigy.net
BBO #631882

## List of Accompanying Exhibits

A.  Excerpt from Petitioner's brief submitted on direct appeal to
    the Supreme Judicial Court (page 34).

34

to have the charges go to the jury as laid out in the verdict slip without any additional hypothetical lesser included offenses" (Tr. 5:6). However, neither the judge nor the defendant's counsel identified any such "sound" strategic reason, at least not on the record in the defendant's presence.[7] Forcing the jury to choose between convicting the defendant of an offense not fully established by the evidence or acquitting, even though she was guilty of some offense, would hardly qualify as

---

[7]

Clearly, in this case, there is no record of any examination of the defendant, in open court, or on the record, that, with the assistance and advice of her lawyer, she knowingly and voluntarily agreed to the choices that would be given to the jury. Compare Commonwealth v. Woodward, supra at 691 (Greaney, J. dissenting in part, with whom Abrams and Ireland, J.J., join). Here there is no colloquy with the defendant. Compare, Commonwealth v. Snell, 428 Mass. 766 (1999). Nor is there even a representation by trial counsel that any such assistance or advice was given or that the defendant was even consulted prior counsel making the decision. It is significant to note that trial counsel did not even appear on behalf of the defendant in this first degree murder prosecution until two weeks prior to the start of the trial. In Commonwealth v. Conley, 43 Mass. App. Ct. 388, 391 (1997), the Court recognized that "[i]n the conduct of a defendant's trial certain decisions sometimes called 'personal' or 'fundamental' ones... are for the defendant alone... Others, often called strategic or tactical matters, rest ultimately in counsel, with the degree of required client consultation and participation dependant upon the circumstances..." See Strickland v. Washington, 466 U.S. 668, 690-691 (1984) ("...from counsel's function as assistant to the defendant derive the ....duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution...) Whether viewed as a fundamental or strategic decision, the record of the instant case strongly indicates that the decision to forego an instruction regarding necessary lesser included offense instructions as to unarmed robbery and larceny, offenses which find support in the trial record, was done without consultation with the defendant. Certainly, there is nothing to indicate that it was the defendant's counseled decision.

**Exhibit A**