```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

_____
                                   )
                                   )
NANCY NETTO,                       )
          Petitioner,              )
                                   )
v.                                 )   Civil Action No. 05-10695-RGS
                                   )
LYNN BISSONNETTE                   )
          Respondent.              )
                                   )
_____)

PETITIONER'S ASSENTED TO MOTION TO EXPAND RECORD

Now comes the Petitioner by and through her undersigned counsel in the above-entitled matter and respectfully moves this Court direct the parties to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases to include copies of the following additional materials relating to the Petition:

AFFIDAVIT OF NANCY NETTO

AFFIDAVIT OF ATTORNEY J. DREW SEGADELLI

AFFIDAVIT OF KENNETH R. MOSES

Copies of these three affidavits are attached hereto respectively as Exhibit A, Exhibit B, and Exhibit C.

As grounds for this motion, the Petitioner states that these affidavits help develop the factual basis for her

Petition as more fully explained in the accompanying memorandum of law. The Petitioner further states that these affidavits may assist the Court in deciding the merits of her Petition.

                NANCY NETTO
                By her Attorney

                /s/ Stephen Paul Maidman_____
                STEPHEN PAUL MAIDMAN, ESQUIRE
                1145 Main Street, Suite 417
                Springfield, Massachusetts  01103
                (413) 731-7300 (Voice & Fax)
                maidman@prodigy.net
                BBO #631882

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I hereby certify that I conferred with Assistant Attorney General Susanne G. Reardon by electronic mail regarding the above motion and that she assented to this motion.

                /s/ Stephen Paul Maidman_____
                STEPHEN PAUL MAIDMAN, ESQUIRE
                1145 Main Street, Suite 417
                Springfield, Massachusetts  01103
                (413) 731-7300 (Voice & Fax)
                maidman@prodigy.net
                BBO #631882

CERTIFICATE OF SERVICE

    I hereby certify that this document and its exhibits are being filed through the Electronic Case Filing (ECF) system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered participants requiring paper copies.

                                /s/ Stephen Paul Maidman
                                STEPHEN PAUL MAIDMAN, ESQUIRE
                                1145 Main Street, Suite 417
                                Springfield, Massachusetts  01103
                                (413) 731-7300 (Voice & Fax)
                                maidman@prodigy.net
                                BBO #631882

COMMONWEALTH OF MASSACHUSETTS

BRISTOL                                    SUPERIOR COURT
                                           NO. 33618-33619


COMMONWEALTH

v.

NANCY NETTO


AFFIDAVIT OF NANCY NETTO

I, Nancy Netto, depose and say as follows:

1. I am the Defendant in this case.

2. Attorney Segadelli was my lawyer for the trial of this case.

3. I attended my trial and listened carefully to the testimony.

4. I was convicted of first-degree murder and armed robbery.

5. My first-degree murder conviction was based on felony-murder with armed robbery as the felony.

6. At the time of trial, I knew that that if the jury returned a verdict finding me guilty of first-degree murder, I would be sentenced to prison for the rest of my life with no chance for parole.

7. Attorney Segadelli did not tell me anything about lesser included offenses which might be available in my case.

8. Attorney Segadelli did not tell me that he could ask the judge to instruct the jury on the crime of unarmed robbery.

**Exhibit A**

9. Attorney Segadelli did not tell me he could ask the judge to instruct the jury on the crime of larceny.

10. Attorney Segadelli did not explain to me the potential advantages and the potential disadvantages of asking for the judge to instruct the jury on lesser included offenses in my case.

11. Attorney Segadelli did not give me the opportunity to make the decision on whether or not to ask the judge to instruct the jury on lesser included offenses that might be available in my case.

12. Attorney Segadelli did not ask me for my opinion on whether I wanted him to ask the judge to instruct the jury on lesser included offenses.

13. I now know that if I had been convicted of a lesser included offense, I might have been convicted of a crime which would have at least offered me a chance at parole.

14. Based upon what I now know about lesser included offenses, if I had been asked at the time of trial to make the decision whether I wanted the jury instructed on lesser included offenses, I would have told Attorney Segadelli that my choice would have been to ask the judge to instruct the jury on lesser included offenses.

15. Based upon what I now know about lesser included offenses, if Attorney Segadelli had asked me at the time of trial for my opinion on whether I wanted the jury instructed on lesser included offenses, I would have told Attorney Segadelli that I wanted him to ask the judge to instruct the jury on lesser included offenses.

16. Based upon what I now know about lesser included offenses, at the time of trial I would have never gambled on the jury returning a not guilty verdict for first-degree murder based on armed robbery with absolutely no chance for parole when it was possible to ask the judge to instruct the jury on lesser included offenses which might have still resulted in a guilty verdict for me but which would have at least given me a chance for parole.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  7th  DAY OF APRIL, 2004.


_____
Nancy Netto

COMMONWEALTH OF MASSACHUSETTS

BRISTOL

SUPERIOR COURT
No. 33618-33619

COMMONWEALTH

vs.

NANCY NETTO

### AFFIDAVIT OF ATTORNEY J. DREW SEGADELLI

I, Attorney J. Drew Segadelli, being duly sworn, depose and state the following:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I am an attorney in good standing with the bar and sworn in on December 17, 1986.

2. I was requested by the Committee for Public Counsel Services to represent the defendant at trial in this case as it related to an indictment charging first degree murder.

3. I accepted the appointment and represented the defendant at her trial held in the Taunton Superior Court.

4. Pursuant to my representation and presentation of the defendant's case, I did not retain the services of a fingerprint expert to assist me prior to trial.

5. The defendant and I at no time discussed the decision on whether to ask the trial judge to instruct the jury on any lessor included offense.

6. Therefore, the defendant was not given the opportunity to make the decision with regard to an instruction to the jury on any lesser included offense.

Respectfully submitted and signed under the pains and penalties of perjury this 30th day of March, 2004.

J. Drew Segadelli, Esquire
Fagan, Goldrick & Segadelli, P.C.
536 Main Street
Falmouth, MA 02540
(508) 540-6900
BBO# 548168

FAGAN, GOLDRICK
& SEGADELLI, P.C.
ATTORNEYS AT LAW
536 MAIN STREET
FALMOUTH, MA 02540
(508) 540-6900

**Exhibit B**

COMMONWEALTH OF MASSACHUSETTS

BRISTOL                                              SUPERIOR COURT
                                                     NO. 33618-33619


COMMONWEALTH

v.

NANCY NETTO


AFFIDAVIT OF KENNETH R. MOSES


I, Kenneth R. Moses, depose and say as follows:

1. I am a nationally recognized fingerprint expert based in San Francisco, California.

2. I have over thirty years experience in evaluating forensic evidence including fingerprint evidence.

3. I was employed for more than twenty-five years as a latent print examiner and crime scene investigator for the San Francisco Police Department.

4. I have been involved in the investigation of over 17,000 crime scenes including approximately 500 homicide crime scenes.

5. I have testified as a forensic expert in over 750 cases in both state and federal courts.

6. I am a member of the American Academy of Forensic Sciences and the International Association for Identification.


**Exhibit C**

7. I am certified as a Latent Print Examiner by the International Association for Identification.

8. I have reviewed pages 85 through 89 of Volume III of the trial transcript in the above-referenced case wherein the Commonwealth's fingerprint expert, Trooper Richard Lauria of the Massachusetts State Police, testified that the fingerprint found on the door was "a fairly fresh print" and probably no more than three or four days old.

9. Trooper Lauria's testimony regarding the "freshness" of the Defendant's fingerprint expresses an opinion that is not shared by the peer community and is contrary to empirical experience and testing.

10. Wide variations exist in the ability of a latent print to survive even under harsh conditions. As a result, development of a latent print at a crime scene is no guarantee of its having been recently placed.

11. No reliable indication of a print's freshness can be obtained from its rate of development or appearance after it is developed.

12. The estimation of the age of a latent print is fraught with danger and may result in a wrongful conviction.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS /9 DAY OF MARCH, 2004.

_____
KENNETH R. MOSES