UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                           )
                           )
NANCY NETTO,               )
        Petitioner,        )
                           )
v.                         )   Civil Action No. 05-10695-RGS
                           )
LYNN BISSONNETTE           )
        Respondent.        )
                           )
_____)

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S ASSENTED TO MOTION TO EXPAND RECORD

Now comes the Petitioner by and through her undersigned counsel in the above-entitled matter and respectfully submits this memorandum of law in support of her motion to direct the parties to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases to include copies of the Affidavit of Nancy Netto, the Affidavit of Attorney J. Drew Segadelli, and the Affidavit of Kenneth R. Moses.

*Background Regarding Habeas Rule 7*

Rule 7 of the Rules Governing Section 2254 Cases expressly authorizes the Court to direct the parties to expand the record by submitting additional materials relating to the petition.  This Court has the discretion to expand the record to include affidavits so as to minimize

the fact development burdens on both the court and the parties. See Habeas Rule 7(a)("Affidavits may also be submitted and considered as part of the record."); Lonchar v. Thomas, 517 U.S. 314, 326 (1996)(noting Habeas Rules give district court substantial discretion in conduct of case once answer ordered; court may require expansion of record to facilitate a disposition on the merits without evidentiary hearing); Schlup v. Delo, 513 U.S. 298, 308-310 & n.18, 316-317 (1995)(approvingly discussing petitioner's use of affidavits to supplement the record to buttress his claims of innocence); Murray v. Carrier, 477 U.S. 478, 487 (1986)(citing potential use of affidavits or other simplifying procedures to minimize fact development burdens in habeas proceedings).  Habeas Rule 7 permits the court to receive evidence relevant to the disposition of the petition without a formal hearing even in situations where a hearing would be inappropriate or impermissible. See United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1131-1132, 1139 (7th Cir. 1990)(court properly expanded record in lieu of evidentiary hearing on ineffective assistance of counsel claim where expansion procedure developed all facts essential to consideration of petitioner's claim); Jamison v. Senkowski, 2001 U.S. Dist. LEXIS 2509, at *21, n.8 (S.D.N.Y. March 13, 2001)(Habeas

Rule 7 permits court to receive some or all relevant evidence even in cases where evidentiary hearing might be impermissible under AEDPA).

*Relevance of the Proffered Materials*

The Affidavit of Nancy Netto, the Affidavit of Attorney J. Drew Segadelli, and the Affidavit of Kenneth R. Moses were all originally submitted to the Bristol Superior Court in connection with the Petitioner's second motion for new trial which was filed on April 13, 2004.[1]

The Affidavit of Nancy Netto and the Affidavit of Attorney J. Drew Segadelli provide factual support for Ground II of the Petition. These two affidavits unequivocally show that the Petitioner's trial counsel did not consult with the Petitioner on the decision whether to request jury instructions on lesser included offenses in her case and that the Petitioner was not given the opportunity to make the decision with regard to any jury instruction on lesser included offenses in her case.

The Affidavit of Attorney J. Drew Segadelli also provides factual support for Ground IV of the Petition. It establishes that the Petitioner's trial counsel did not

---

[1] Copies of these affidavits were also included in Exhibit M in the Petitioner's Opening Brief in this Court (Document 7).

retain the services of a fingerprint expert to assist him prior to trial in this case.

The Affidavit of Kenneth R. Moses provides factual support for Ground III and Ground IV of the Petition. This affidavit, offered by a nationally recognized fingerprint expert, establishes the following:

(1) The Commonwealth's fingerprint expert's testimony regarding the "freshness" of the Petitioner's fingerprint expressed an opinion that is not shared by the peer community and is contrary to empirical experience and testing.

(2) Wide variations exist in the ability of a latent print to survive even under harsh conditions. As a result, development of a latent print at a crime scene is no guarantee of its having been recently placed.

(3) No reliable indication of a print's freshness can be obtained from its rate of development or appearance after it is developed.

(4) The estimation of the age of a latent print is fraught with danger and may result in a wrongful conviction.

*Conclusion*

For all the foregoing reasons, the Petitioner requests this Court direct the parties to expand the record to include the Affidavit of Nancy Netto, the Affidavit of Attorney J. Drew Segadelli, and the Affidavit of Kenneth R. Moses.

>	NANCY NETTO
>	By her Attorney
>
>	/s/ Stephen Paul Maidman_____
>	STEPHEN PAUL MAIDMAN, ESQUIRE
>	1145 Main Street, Suite 417
>	Springfield, Massachusetts  01103
>	(413) 731-7300 (Voice & Fax)
>	maidman@prodigy.net
>	BBO #631882

CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the Electronic Case Filing (ECF) system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  There are no non-registered participants requiring paper copies.

>	/s/ Stephen Paul Maidman_____
>	STEPHEN PAUL MAIDMAN, ESQUIRE
>	1145 Main Street, Suite 417
>	Springfield, Massachusetts  01103
>	(413) 731-7300 (Voice & Fax)
>	maidman@prodigy.net
>	BBO #631882