```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                            )
                            )
NANCY NETTO,                )
        Petitioner,         )
                            )
v.                          )     Civil Action No. 05-10695-RGS
                            )
LYNN BISSONNETTE            )
        Respondent.         )
                            )
_____)

PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

Now comes the Petitioner by and through her undersigned counsel in the above-entitled matter and respectfully moves this Court for leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases and pursuant to Rule 33, Rule 34, and Rule 36 of the Federal Rules of Civil Procedure.

As grounds for this motion, the Petitioner states that the requested discovery will help develop the factual basis for Ground III and Ground IV of her Petition and that it is indispensable to the fair, rounded, development of the materials facts of this case, all as more fully explained in the accompanying memorandum of law.

Copies of the Petitioner's proposed requests for admissions, interrogatories, and requests for documents and things are attached as Exhibit A to this motion.

NANCY NETTO
By her Attorney

/s/ Stephen Paul Maidman_____
STEPHEN PAUL MAIDMAN, ESQUIRE
1145 Main Street, Suite 417
Springfield, Massachusetts  01103
(413) 731-7300 (Voice & Fax)
maidman@prodigy.net
BBO #631882

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I hereby certify that I conferred with Assistant Attorney General Susanne G. Reardon by electronic mail regarding the above motion and that she declined to assent to this motion.

/s/ Stephen Paul Maidman_____
STEPHEN PAUL MAIDMAN, ESQUIRE
1145 Main Street, Suite 417
Springfield, Massachusetts  01103
(413) 731-7300 (Voice & Fax)
maidman@prodigy.net
BBO #631882

CERTIFICATE OF SERVICE

    I hereby certify that this document and its exhibit are being filed through the Electronic Case Filing (ECF) system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered participants requiring paper copies.

                              /s/ Stephen Paul Maidman_____
                              STEPHEN PAUL MAIDMAN, ESQUIRE
                              1145 Main Street, Suite 417
                              Springfield, Massachusetts  01103
                              (413) 731-7300 (Voice & Fax)
                              maidman@prodigy.net
                              BBO #631882

```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

```
_____
                            )
                            )
NANCY NETTO,                )
         Petitioner,        )
                            )
v.                          )   Civil Action No. 05-10695-RGS
                            )
LYNN BISSONNETTE            )
         Respondent.        )
                            )
_____)
```

PETITIONER'S DISCOVERY REQUESTS

Now comes the Petitioner by and through her undersigned counsel in the above-entitled matter and hereby propounds the following requests for admissions, interrogatories, and requests to produce documents and things to the Respondent pursuant to Rule 6 of the Rules Governing Section 2254 Cases and pursuant to Rule 33, Rule 34, and Rule 36 of the Federal Rules of Civil Procedure.

The responses to each request for admission, interrogatory, and request to produce documents and things shall be in writing and shall conform in all respects to the Federal Rules of Civil Procedure.

REQUESTS FOR ADMISSIONS

Request No. 1.  Trooper Richard Lauria of the Massachusetts State Police testified at the Defendant's

*Exhibit A*

trial on behalf of the Commonwealth as the Commonwealth's expert on the science of fingerprint identification.

Request No. 2.  Trooper Lauria's testimony at the Defendant's trial that the fingerprint found on the door was "a fairly fresh print" and that "three or four days would be probably the oldest it would be" was proffered as expert testimony.

Request No. 3.  Wide variations exist in the ability of a latent fingerprint to survive in the environment even under harsh conditions.

Request No. 4.  No reliable indication of a latent fingerprint's freshness can be obtained from its rate of development or its appearance after it is developed.

Request No. 5.  The estimation of the age of a latent fingerprint is fraught with danger and such testimony may result in a wrongful conviction.

Request No. 6.  Trooper Lauria's testimony with respect to the age of the Petitioner's latent fingerprint expresses an opinion that is not held by experts in the science of fingerprint identification who are currently employed by the Massachusetts State Police.

Request No. 7.  Trooper Lauria's testimony with respect to the age of the Petitioner's latent fingerprint

expresses an opinion that would not be generally accepted among experts in the science of fingerprint identification.

Request No. 8. Trooper Lauria's testimony with respect to the age of the Petitioner's latent fingerprint is contrary to empirical experience and testing in the science of fingerprint identification.

## INTERROGATORIES

Interrogatory No. 1. To the extent the response to any request for admission set forth above is anything other than an unqualified admission, describe in detail the facts upon which the Respondent bases its response. Please identify by number the specific request for admission to which the facts stated relate.

Interrogatory No. 2. Provide the full name, business address, and telephone number of all persons who participated or assisted in responding to the requests for admissions, interrogatories, and requests to produce documents and things. For each such person, describe their involvement with particularity.

## REQUESTS TO PRODUCE DOCUMENTS AND THINGS

Request No. 1. All documents and things in the possession, custody, or control of the Massachusetts State Police, prepared by or for the Massachusetts State Police,

which in any way discuss, refer to, or otherwise relate to the ability to forensically determine, based upon its rate of development or its appearance after it is developed, the age of a latent fingerprint or when a latent fingerprint was impressed on a particular surface.

    Request No. 2.  All documents and things in the possession, custody, or control of the Massachusetts State Police, prepared by or for the Massachusetts State Police, which in any way discuss, refer to, or otherwise relate to the ability to express any expert forensic opinion utilizing any technique generally accepted in the science of fingerprint identification to forensically determine the age of a fingerprint or when a fingerprint was impressed on a particular surface.

                                    NANCY NETTO
                                    By her Attorney


                                  /s/ Stephen Paul Maidman_____
                                  STEPHEN PAUL MAIDMAN, ESQUIRE
                                  1145 Main Street, Suite 417
                                  Springfield, Massachusetts  01103
                                  (413) 731-7300 (Voice & Fax)
                                  maidman@prodigy.net
                                  BBO #631882