```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                             )
                             )
NANCY NETTO,                 )
         Petitioner,         )
                             )
v.                           )     Civil Action No. 05-10695-RGS
                             )
LYNN BISSONNETTE             )
         Respondent.         )
                             )
_____)
```

MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

Now comes the Petitioner by and through her undersigned counsel in the above-entitled matter and respectfully submits this memorandum of law in support of her motion to for leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases and pursuant to Rule 33, Rule 34, and Rule 36 of the Federal Rules of Civil Procedure.

*Discovery in Federal Habeas Corpus Cases*

Rule 6(a) of the Rules Governing Section 2254 Cases provides, "A judge, may for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  In Harris v. Nelson, 394 U.S. 286, 300 (1969), decided seven years before Congress adopted the Rules Governing Section

2254 Cases, the Supreme Court stated, "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  The Advisory Committee's notes for Rule 6(a) indicate that this rule is intended to be consistent with the Harris case.  See also Bracy v. Gramley, 520 U.S. 899, 909 (1997)("Habeas Corpus Rule 6 is meant to be "consistent" with Harris."); Townsend v. Sain, 372 U.S. 293, 322 (1963)(discussing the need for discovery where it is "indispensable to a fair, rounded, development of the material facts" in a habeas case).

    Construing Rule 6(a) in light of the Harris case, it is an abuse of discretion for a district court to deny a petitioner discovery in a habeas case if the petitioner has sufficiently shown that the requested discovery might allow the petitioner to demonstrate that he has been confined illegally.  See Moore v. Gibson, 195 F.3d 1152, 1166 (10th Cir. 1999), cert. denied, 530 U.S. 1208 (2000)(district court abused discretion in denial of discovery where trial record lends some support and does not contravene petitioner's allegations which, if proved, would warrant

habeas relief); Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996)(denial of discovery in habeas case is abuse of discretion if discovery is indispensable to a fair, rounded, development of the material facts); Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995)("Denial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of a claim."); East v. Scott, 55 F.3d 996, 1001 (5th Cir. 1995)(while district court has discretion to grant or deny discovery in habeas case, blanket denial of discovery is abuse of discretion if discovery is indispensable to fair, rounded development of material facts); Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991)(court must provide discovery in habeas case only where specific allegations before court show reason to believe that petitioner, if facts are fully developed, may be able to demonstrate he is entitled to relief).  See also Johnson v. Love, 165 F.R.D. 444, 445 (E.D. Pa. 1996)(Pollak, J.)("[R]eading Rule 6(a) in light of Harris, I conclude that a court may not deny a habeas corpus petitioner's motion for leave to conduct discovery if there is a sound basis for concluding that the requested discovery might allow him to demonstrate that he has been confined illegally."); Gilday v. Callahan, 99 F.R.D. 308, 309 (D. Mass. 1983)(Alexander, Mag. J.)

(discussing and applying "good cause" standard for discovery in habeas case).[1]

*Discovery Requested by Petitioner*

Ground III and Ground IV of the petition in this case allege constitutional violations relating to the Commonwealth's use of outrageously flawed fingerprint evidence.  Each of Petitioner's discovery requests is narrowly tailored to discover evidence relevant to proving these constitutional claims or to otherwise demonstrate justification excusing the alleged procedural default.[2]

The nine proposed requests for admission essentially seek to establish that the "fresh fingerprint" testimony offered by the fingerprint expert from the Massachusetts State Police at trial was outrageously flawed and had absolutely no legitimate scientific foundation, thereby depriving the Petitioner of her rights to a fair trial and to the due process of law guaranteed by the Sixth Amendment

---

[1] Congress did not amend Rule 6 of the Rules Governing Section 2254 Cases with the passage of the AEDPA and the Supreme Court's decision in Bracy v. Gramley post-dates the enactment of the AEDPA.  It is abundantly clear that neither the Supreme Court nor an act of Congress has modified the "good cause" standard of Rule 6.  Also, although the AEDPA limits the availability of evidentiary hearings in certain circumstances, it does not appear to limit other fact development techniques.  See Payne v. Bell, 89 F. Supp. 2d 967, 970-971 W.D. Tenn. 2000)(petitioner may show good cause needed to conduct discovery without meeting high standard for evidentiary hearing under AEDPA).

[2] The Petitioner's contentions with respect to Ground III and Ground IV of her petition are more fully set forth in the arguments presented on pages 56-60 of her opening brief and on pages 12-21 of her reply brief.

and the Fourteenth Amendment to the federal constitution. See Strickland v. Washington, 466 U.S. 668, 684-685 (1984). The two interrogatories merely seek disclosure of any purported basis for the Respondent's denial of any of the propounded requests for admissions.  Finally, the two requests to produce documents and things seek documents and other memorializations in the possession, custody, or control of the Massachusetts State Police which essentially concede the Petitioner's claim that the fingerprint expert's "fresh fingerprint" testimony was outrageously flawed and had absolutely no legitimate scientific foundation.

*Conclusion*

The Petitioner is not seeking to embark on a fishing expedition intending to develop claims for which there is no factual basis.  For all the foregoing reasons, the Petitioner respectfully requests this Court to grant her motion to for leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases and pursuant to

Rule 33, Rule 34, and Rule 36 of the Federal Rules of Civil Procedure.

                        NANCY NETTO
                        By her Attorney


                        /s/ Stephen Paul Maidman_____
                        STEPHEN PAUL MAIDMAN, ESQUIRE
                        1145 Main Street, Suite 417
                        Springfield, Massachusetts  01103
                        (413) 731-7300 (Voice & Fax)
                        maidman@prodigy.net
                        BBO #631882


### CERTIFICATE OF SERVICE

    I hereby certify that this document is being filed through the Electronic Case Filing (ECF) system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  There are no non-registered participants requiring paper copies.


                        /s/ Stephen Paul Maidman_____
                        STEPHEN PAUL MAIDMAN, ESQUIRE
                        1145 Main Street, Suite 417
                        Springfield, Massachusetts  01103
                        (413) 731-7300 (Voice & Fax)
                        maidman@prodigy.net
                        BBO #631882