UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY NETTO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-10695-RGS |
| ) | |
| LYNN BISSONNETTE, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

Now comes the respondent, through counsel, in the above-entitled habeas corpus action and hereby opposes the petitioner's motions requesting this Court to permit him to conduct discovery. As grounds therefor, the respondent states that the petitioner has failed to establish "good cause" for this Court to exercise its discretion to order discovery. *See* Rule 6(a) of the Rules Governing § 2254 cases.

### ARGUMENT

**THE PETITIONER IS NOT ENTITLED TO OBTAIN DISCOVERY WHERE HE HAS FAILED TO SATISFY THE REQUIREMENT OF DEMONSTRATING "GOOD CAUSE" FOR DISCOVERY.**

In the habeas corpus forum, unlike the ordinary civil arena, a petitioner is not entitled to discovery as a matter of course. *See Bracy v. Gramley*, 520 U. S. 899, 904 (1997); *Harris v. Nelson,* 394 U. S. 286, 295 (1969). Rather, a petitioner is subject to the strict requirements set forth in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See also Gilday v. Callahan*, 99 F.R.D. 308, 308-09 (D. Mass. 1983) (Alexander, M.J.) (liberal standard for discovery in Rule 26 "severely curtailed" in habeas cases).

To establish "good cause" a petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle the petitioner to relief. *Harris*, 394 U.S. at 300. Good cause does not exist where the petitioner through his discovery requests seeks to re-litigate factual issues that have already been conclusively resolved by the state courts. *Gilday*, 99 F.R.D. at 309 (refusing to permit deposition of co-defendant who allegedly perjured himself in exchange for lenient sentence "[b]ecause the fact the petitioner seeks to dispute have already been resolved by the state court"); 28 U.S.C. § 2254(e)(1)(presumption of correctness). Nor does good cause exist where the grounds relied upon in support of the petitioner's discovery request are wholly speculative and conclusory. *See Bracy*, 520 U.S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy v. Johnson*, 205 F. 3d 809, 813-815 (5th Cir.) (denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation), *cert. denied*, 531 U.S. 957 (2000).

Good cause within the meaning of Habeas Rule 6(a) does not exist where, as here, the state court has already found facts contrary to the discovery the petitioner seeks and the petitioner has not contradicted those findings with any specific allegations. *See Harris*, 394 U.S. at 300 (to establish "good cause" under Habeas Rule 6(a) the petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle petitioner to relief).

Discovery is not warranted for this petitioner who already filed a motion for a new trial in

state court with the same supporting exhibits filed in the instant case, and had the opportunity to demonstrate that Trooper Lauria's expert testimony regarding the fingerprint evidence created a substantial risk of a miscarriage of justice. *See* Exhibit M to habeas corpus petition. Now, without any further record support whatsoever, he cannot overcome the presumptively correct factual findings of the state court. *See Bracy*, 520 U. S. at 908-909 (finding "good cause" permitting discovery but emphasizing that the petitioner made detailed, specific allegations supported by extensive record evidence). Moreover, the claim for which the discovery is sought is procedurally defaulted and the petitioner has not shown cause for or prejudice from the default. (See Respondent's Memorandum in Opposition to the Habeas Corpus Petition, docket #9).

The petitioner provides no support for his request for discovery. The petitioner was obligated, and had ample opportunity, to develop a factual basis for his claims in his state court proceedings, and his failure to do so does not render this Court an appropriate forum for taking discovery. Moreover, in *Harris*, the Supreme Court held that Fed. R. Civ. P. 33 regarding written interrogatories is not applicable to habeas corpus proceedings and further held that "suitable discovery" should only be authorized in "appropriate circumstances" when a petitioner establishes a *prima facie* case of a constitutional violation requiring habeas relief. *Harris*, 394 U.S. at 290, 300. *See also Bracy*, 520 U. S. at 908-909; *Murphy*, 205 F. 3d at 813-815(denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation). This the petitioner has not done; instead, he has merely reasserted his claims and now seeks to develop his claims from scratch. Rule 6 prohibits him from doing so. Rule 6 does not permit the petitioner to conduct a "fishing expedition." *See Murphy v. Johnson*, 205 F. 3d at 814 ("Simply put, Rule 6 does not authorize fishing expeditions."). If conclusory

allegations in search of supporting facts constituted "good cause" under Rule 6, the full panoply of discovery procedures set forth in the Civil Rules would be available to any habeas petitioner, a result inimical to the plain language of Rule 6 and its historical antecedents. The motion for discovery must therefore be denied.

## CONCLUSION

For the reasons set forth above, this Court should deny the petitioner's motion for leave to conduct discovery.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2832
BBO No. 561669

Dated: February 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 15, 2006.

/s/ Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General
