UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-CV-10695-RGS

NANCY NETTO,

Petitioner

V.

LYNN BISSONNETTE,

Respondent

**ORDER ON**

**PETITIONER'S MOTION FOR
LEAVE TO CONDUCT DISCOVERY**

(Docket # 16)

ALEXANDER, M.J.

In connection with her petition for a writ of habeas corpus, the petitioner in this case, Nancy Netto, has filed a motion for leave to conduct discovery.[1] A habeas petitioner, unlike other civil litigants, "is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). The

---

[1] This Court has issued separately, today, a Report and Recommendation that recommends that the District Court deny Ms. Netto's habeas petition.

rules governing habeas petitions require a petitioner to secure leave of court to conduct discovery, and a judge may only grant such leave for "good cause". 28 U.S.C. § 2254 Rule 6(a). "Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 395 U.S. 286, 300 (1969).

The discovery that Ms. Netto wishes to take relates to the claim made in her habeas petition that the Commonwealth used outrageously flawed "fresh fingerprint" evidence to secure Ms. Netto's conviction. To meet the "good cause" requirement, Ms. Netto must show that the discovery "would lead to relevant evidence regarding h[er] petition for habeas corpus such that the court would have reason to believe [s]he is confined illegally." Gilday v. Callahan, 99 F.R.D. 308, 309 (D. Mass. 1983). As iterated in the Court's Report and Recommendation, the fingerprint evidence was not the only indication that Ms. Netto was involved in the crime for which she was convicted. Furthermore, Ms. Netto has also had opportunity to demonstrate that the use of the "fresh fingerprint" evidence created a substantial likelihood of a miscarriage of justice. Ms. Netto has not demonstrated that the discovery that she seeks would lead to relevant evidence

that would provide reason to believe that she is wrongly confined. Her motion for leave to take discovery is therefore DENIED.

SO ORDERED.

5/31/06
Date

United States Magistrate Judge