UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                            )
                            )
NANCY NETTO,                )
        Petitioner,         )
                            )
v.                          )   Civil Action No. 05-10695-RGS
                            )
LYNN BISSONNETTE            )
        Respondent.         )
                            )
_____)

PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
DENYING PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY

Now comes the Petitioner by and through her undersigned counsel in the above-entitled matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and respectfully objects to Magistrate Judge Joyce London Alexander's order denying the Petitioner's Motion for Leave to Conduct Discovery (Document #19).[1]  For the reasons

---

[1] This Court will review the Magistrate Judge's ruling to determine whether it is "clearly erroneous or contrary to law".  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts states, "The district judge to whom the case is assigned will consider such objections and will modify or set aside any portion of the magistrate judge's order determined to be clearly erroneous or contrary to law."  See Gomez v. United States, 490 U.S. 858, 867-868, 874 n. 28 (1989)(clearly erroneous or contrary to law standard of review appropriate for "less important" nondispositive matters).

expressed herein and for all the reasons more fully set forth in the papers[2] previously filed by the Petitioner in this case, including the Petitioner's Objections to the Magistrate Judge's Report and Recommendation, the Petitioner urges this Court to reconsider the Magistrate Judge's order denying the Petitioner's motion because it is clearly erroneous and contrary to law.

## Argument

The Magistrate Judge's order denying the Petitioner the requested discovery will essentially deprive her from developing the full factual basis for Ground III and Ground IV of her Petition.  The Magistrate Judge's order denying her the discovery is clearly erroneous and contrary to law because the requested discovery is indispensable to the fair, rounded, development of the materials facts of this case.  The Petitioner has demonstrated that the discovery that she seeks would lead to relevant evidence which would provide reason to believe that she is wrongly confined.

---

[2] In addition to the Petitioner's Objections to the Magistrate Judge's Report and Recommendation, the Petitioner directs the Court's attention to her opening brief (Document #7) and to her reply brief (Document #12). In particular, the Petitioner directs this Court to the substantive argument she made in her memorandum in support of her motion for leave to conduct discovery (Document #17) in the section entitled, "*Discovery in Federal Habeas Corpus Cases*" (at pages 1-4).

Ground III and Ground IV of the Petition in this case allege constitutional violations relating to the Commonwealth's use of outrageously flawed fingerprint evidence. Each of Petitioner's discovery requests is narrowly tailored to discover evidence relevant to proving these constitutional claims or to otherwise demonstrate justification excusing any alleged procedural default.[3]

The nine proposed requests for admission essentially seek to establish that the "fresh fingerprint" testimony offered by the fingerprint expert from the Massachusetts State Police at trial was outrageously flawed and had absolutely no legitimate scientific foundation, thereby depriving the Petitioner of her rights to a fair trial and to the due process of law guaranteed by the Sixth Amendment and the Fourteenth Amendment to the federal constitution. See Strickland v. Washington, 466 U.S. 668, 684-685 (1984). The two interrogatories merely seek disclosure of any purported basis for the Respondent's denial of any of the

---

[3] The Petitioner's contentions with respect to the substantive merits of Ground III and Ground IV of her Petition are more fully set forth in Argument III and Argument IV of her opening brief. The Petitioner's contentions with respect to any alleged procedural defaults of the claims set forth in Ground III and Ground IV of her Petition are addressed in Argument III and Argument IV of her reply brief, as well as in Objection Number Three, Objection Number Four, Objection Number Five, and Objection Number Six in Petitioner's Objections to the Magistrate Judge's Report and Recommendation.

propounded requests for admissions.  Finally, the two requests to produce documents and things seek documents and other memorializations in the possession, custody, or control of the Massachusetts State Police which essentially concede the Petitioner's claim that the fingerprint expert's "fresh fingerprint" testimony was outrageously flawed and had absolutely no legitimate scientific foundation.

In denying the Petitioner's motion, the Magistrate Judge wrote, "the fingerprint evidence was not the only indication that Ms. Netto was involved in the crime for which she was convicted."  Order at 2.  In response, the Petitioner incorporates herein the argument that she made to this Court in her Objection Number One to the Magistrate Judge's Report and Recommendation.  That argument (at pages 5-9) fully addresses the Magistrate Judge's contention.

In denying the Petitioner's motion, the Magistrate Judge also wrote, "Ms. Netto has also had opportunity to demonstrate that the use of the "fresh fingerprint" evidence created a substantial likelihood of a miscarriage of justice."  Order at 2.  To the contrary, the Petitioner has never been afforded the opportunity to have an evidentiary hearing relating to the use of the Commonwealth's "fresh fingerprint" testimony.

## Conclusion

The Petitioner is not seeking to embark on a fishing expedition intending to develop claims for which there is no factual basis.  The Petitioner seeks relevant evidence to show that she is illegally confined.  For all the foregoing reasons, the Petitioner respectfully requests this Court to reconsider the Magistrate Judge's order and to grant her motion for leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases and pursuant to Rule 33, Rule 34, and Rule 36 of the Federal Rules of Civil Procedure.

                        NANCY NETTO
                        By her Attorney

                        /s/ Stephen Paul Maidman_____
                        STEPHEN PAUL MAIDMAN, ESQUIRE
                        1145 Main Street, Suite 417
                        Springfield, Massachusetts  01103-2123
                        (413) 731-7300 (Voice & Fax)
                        maidman@prodigy.net
                        BBO #631882

CERTIFICATE OF SERVICE

    I hereby certify that this document is being filed through the Electronic Case Filing (ECF) system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered participants requiring paper copies.

                                /s/ Stephen Paul Maidman_____
                                STEPHEN PAUL MAIDMAN, ESQUIRE
                                1145 Main Street, Suite 417
                                Springfield, Massachusetts  01103-2123
                                (413) 731-7300 (Voice & Fax)
                                maidman@prodigy.net
                                BBO #631882