MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2344

NANCY J. NETTO,

Petitioner, Appellant,

v.

LYNN BISSONETTE, SUPERINTENDENT, MCI - FRAMINGHAM

Respondent, Appellee.

Before

Torruella, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: December 19, 2006

    Petitioner Nancy Netto seeks a Certificate of Appealability (COA) to appeal from the denial of her 28 U.S.C. § 2254 petition seeking to vacate her conviction of felony-murder as a joint venturer, predicated on armed robbery. She seeks a COA as to all four of the claims presented in her § 2254 petition:

    I.   conviction upon insufficient evidence

    II.  ineffective assistance of trial counsel for failure to consult with defendant about whether to request an instruction on lesser included offenses;

    III. due process violation where the government allegedly used "outrageously flawed" fingerprint evidence to obtain its conviction;

    IV.  ineffective assistance of trial counsel for failing to challenge the government's fingerprint expert's testimony as based on flawed forensics, and to retain an expert on fingerprint evidence to assist in the preparation of the case.

The district court, in adopting the magistrate judge's report and recommendation, denied relief on the first claim on the merits and on the other three claims on procedural default grounds. We deny the COA request as to all four claims.

    I. <u>Insufficiency of the Evidence Claim</u>

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000). The applicable federal sufficiency of the evidence standard is the following: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307, 319 (1979). Netto argued that there was insufficient evidence that she was present at the scene of the crime or that she had knowledge that her husband and co-venturer was armed with a dangerous weapon. The district court determined that the Massachusetts Supreme Judicial Court (SJC) did not unreasonably apply <u>Jackson</u> in rejecting Netto's insufficiency of the evidence claims.

Based upon a review of the trial transcripts, we conclude that a reasonable jurist could not find that it was objectively unreasonable for the SJC to conclude that the sufficiency of the evidence standard was met with respect to Netto's presence at the murder scene. Based upon the fingerprint evidence, as well as the "abundant other evidence linking her to this crime," <u>Commonwealth</u> v. <u>Netto</u>, 438 Mass. 686, 702 n.17 (2003), it was not unreasonable for the SJC to conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Netto was present at the crime scene at the time of the armed robbery.

Nor could reasonable jurists find debatable or wrong the district court's determination that the SJC's application of the <u>Jackson</u> standard to Netto's claim of insufficient evidence with respect to her knowledge that her coventurer was armed was objectively reasonable. For the reasons stated by the SJC, the facts were sufficient to establish that Netto would have

apprehended that resistance by the victim Robert Levesque would be likely. See id. at 703. Netto does not dispute that finding. As a matter of Massachusetts law, establishment of such apprehension was a permissible basis for inferring the requisite knowledge of a dangerous weapon. See Commonwealth v. Ferguson, 365 Mass. 1, 9 (1974); see also Commonwealth v. Patterson, 432 Mass. 767, 773 (2000); Commonwealth v. Kilburn, 426 Mass. 31, 35 n.7 (1997); Commonwealth v. Watson, 388 Mass. 536, 544 n.9 (1983). The fact that the knife that was used to stab the victim came from the kitchen of the apartment where the crime occurred does not preclude the requisite finding of knowledge on the part of Netto that her husband was armed with a dangerous weapon. See Commonwealth v. Sexton, 425 Mass. 146, 152 (1997).

## II. Procedurally Defaulted Claims

The district court ruled that Netto's remaining claims were procedurally defaulted in state court, and that she had failed to make the requisite showings of cause and prejudice, or that a miscarriage of justice would result from failure to consider the claims. The district court found that the state court's denial of Netto's Mass. G. L. ch. 278 § 33E petition for review of the denial of her second motion for new trial was based on an "independent and adequate" state procedural ground, barring federal habeas review.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. If the petitioner's constitutional claim does not appear utterly without merit after a 'quick look,' the COA can be granted and an incorrect procedural barrier removed, the matter than being remanded to give the district court first crack at the constitutional claim." Mateo v. United States, 310 F.3d 39, 41 (1st Cir. 2002).

### A. Habeas Claims II & IV (Ineffective Assistance Claims)

The superior court denied petitioner's second motion for new trial, raising these ineffective assistance claims, on waiver grounds because Netto had not raised the claims earlier. The SJC gatekeeper justice denied review pursuant to Mass. Gen. Laws ch. 278, § 33E, because the claims were not "new and substantial." "Where there has been procedural waiver below, the denial of review under § 33E is an independent and adequate state ground that bars federal habeas review." Simpson v. Matesanz, 178 F.3d 200, 206 (1st Cir. 1999).

Netto disputes that the state procedural rule was an adequate basis for dismissal of her ineffective assistance claims. "[A] procedural rule may bar federal consideration of a claim in a habeas petition only if the state consistently applies that rule." Moore v. Ponte, 186 F.3d 26, 32 (1st Cir. 1999). The relevant Massachusetts procedural rule is that "[a] defendant generally may not raise any ground in a motion for a new trial that could have been, but was not, raised at trial or on direct appeal." Commonwealth v. Chase, 433 Mass. 293, 297 (2001). Under Massachusetts law, failure to raise an ineffective assistance of counsel claim on direct appeal does not constitute a waiver unless "'the factual basis of the claim appears indisputably on the trial record.'" Commonwealth v. Zinser, 446 Mass. 807, 811 (2006) (quoting Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994)).

Netto maintains that the appellate record was factually inadequate for her new counsel to have raised the ineffective assistance claims on direct appeal. With respect to habeas claim II, the single justice specifically rejected Netto's contention that the trial record was inadequate to present the claim that counsel was ineffective for failing to consult with her about the decision not to ask for lesser included offense instructions. The single justice found that Netto's argument "is belied by the defendant's statement in her original appellate brief that there was no indication that trial counsel had consulted with her on this issue." SJC Single Justice's Memorandum of Decision, p. 2. The district court properly deferred to that determination by the gatekeeping justice. See McCarver v. Lee, 221 F.3d 583, 591 (4th Cir. 2000) (according state's findings that record was adequate to present ineffective assistance claim on direct appeal a presumption of correctness).

With respect to habeas claim IV, ineffective assistance of counsel for failure to challenge the Commonwealth's fingerprint expert and retain a fingerprint expert to assist in the defense, the gatekeeping justice determined that the issue of the adequacy of the fingerprint evidence was not new "as the defendant could have raised it in her direct appeal." SJC Single Justice's Memorandum of Decision, p. 5. Netto was represented by new counsel on direct appeal. The trial transcript reveals the extent to which defense counsel challenged the testimony of the fingerprint expert and provides a basis for evaluating trial counsel's choice "to attack the freshness of the print by cross-examination of the Commonwealth's expert, rather than hiring a defense expert." Id., p. 6. Reasonable jurists could not find debatable or wrong the district court's conclusion that the ineffective assistance claims were procedurally defaulted.

Netto argues that there was cause and prejudice to excuse her